## COLORADO BOARD OF MEDICAL EXAMINERS, Complainant–Appellee,

v.

### B.L.L., Respondent–Appellant.

No. 90CA0990.

Colorado Court of Appeals, Div. C.

Oct. 24, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., James F. Carr, Asst. Atty. Gen., Denver, for complainant-appellee.

Moye, Giles, O'Keefe, Vermeire & Gorrell, Trish M. Nagel, Charles F. Luce, Jr., Stephen A. Hess, Denver, for respondent-appellant.

Opinion by Judge VAN CISE *.

Respondent, B.L.L., (doctor), appeals from the "letter of concern" issued to him by an inquiry panel of the Colorado State Board of Medical Examiners (board) upon its dismissal of disciplinary proceedings against him. We conclude that such a letter of concern is not a disciplinary action taken by the board which is subject to review in this court and, therefore, we dismiss the appeal for lack of subject matter jurisdiction.

Under the Medical Practice Act, the issuance of a letter of concern is one of several alternative actions an inquiry panel of the board may take upon completing its investigation into disciplinary allegations against a licensee. *See* §§ 12–36–118(4)(c), C.R.S. (1985 Repl.Vol. 5). Specifically, § 12–36–118(4)(c)(II.5), C.R.S. (1990 Cum. Supp.) provides that if the inquiry panel's investigation:

> discloses an instance of conduct which, in the opinion of the inquiry panel, does not warrant formal action by the board and should be dismissed but in which the inquiry panel has noticed indications of possible errant conduct by the licensee that could lead to serious consequences if not corrected, in which case, a confidential letter of concern shall be sent to the physician against whom a complaint was made. If the board learns of second or subsequent actions of the same or similar nature by the licensee, the board shall send a letter of admonition to the physician, and such letter need not remain confidential.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, § 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Here, following the completion of its investigation of disciplinary allegations against the doctor, an inquiry panel of the board sent such a letter of concern to the doctor. In the letter of concern, the inquiry panel notified the doctor that the panel "has dismissed this case and considers the matter closed," but the panel also expressed its "concern" that the doctor "may have" acted "inappropriately" in certain respects.

The doctor now seeks to challenge, in this court, the propriety of the board's action in issuing him a letter of concern, arguing that the board's concerns in this matter are factually baseless. The board, however, contends that the dismissal of a disciplinary inquiry with a letter of concern is not a disciplinary action and that there is no right to appeal such an action. We agree with the board.

Under the Medical Practice Act, the action of the board "in refusing to grant a license, *in taking any disciplinary action as provided in section 12-36-118*, or in placing a physician on probation" may be reviewed in this court. Section 12-36-119(2), C.R.S. (1985 Repl.Vol. 5) (emphasis added). *See also* § 13-4-102(2)(f), C.R.S. (1987 Repl.Vol. 6A) (providing that the Court of Appeals has initial jurisdiction to review actions of the board "in refusing to grant or in revoking or suspending a license or in placing the holder thereof on probation, as provided in section 12-36-119(2), C.R.S.").

Thus, this court's jurisdiction over this appeal depends upon whether the issuance of a letter of concern constitutes a reviewable "disciplinary action" taken by the board against a licensee within the meaning of the Medical Practice Act. We hold that it does not constitute a disciplinary action which is subject to review in this court.

In reaching this conclusion, we note that the disciplinary sanctions which may be imposed against a licensee under the Medical Practice Act for proven unprofessional conduct include a letter of admonition, private censure, public censure, probation, suspension, or revocation, but *do not include* a letter of concern. *See* § 12-36-118(5)(g)(III), C.R.S. (1985 Repl.Vol. 5). Moreover, the issuance of a letter of concern is authorized under the Medical Practice Act only if, as here, the inquiry panel *dismisses* disciplinary allegations against a licensee upon completing its investigation. *See* § 12-36-118(4)(c)(II.5).

In contrast, we note that the Medical Practice Act authorizes an inquiry panel to impose discipline in the form of a *letter of admonition* upon completing its investigation if its investigation discloses an instance of unprofessional conduct which the panel concludes *should not be dismissed* as being without merit. *See* § 12-36-118(4)(c)(III), C.R.S. (1985 Repl.Vol. 5). Furthermore, § 12-36-118(4)(c)(III) provides a mechanism for a physician to challenge the basis of a letter of admonition issued by an inquiry panel via formal adjudicatory proceedings before a hearing panel of the board, in which event the inquiry panel's action is deemed vacated, while § 12-36-118(4)(c)(II.5) contains no comparable provisions in connection with an inquiry panel's issuance of a letter of concern.

As a result, since a letter of concern may be issued only upon the *dismissal* of a disciplinary matter by an inquiry panel and no further proceedings before the board are authorized in such matters, we also note that there is no evidentiary record for this court to review. In contrast, in formal adjudicatory proceedings before an administrative law judge and a hearing panel of the board, there would be such a record. The only "record" which the doctor seeks this court to review in this case consists of the inquiry panel's investigatory files in this matter.

In addition, contrary to the doctor's argument, we perceive no adverse consequences to a physician who is issued a letter of concern by the board which would support a conclusion that the general assembly intended such letters of concern to be appealable.

Because a letter of concern is to be confidential, a physician need not reveal its existence or contents to third parties, and such a letter may be issued only upon the *dismissal* of a disciplinary matter by the

board. The outcome of the disciplinary matter is not adverse to the physician in any event. *See* § 12–36–118(4)(c)(II.5). In effect, the panel determined that there was no merit to the allegations against the doctor, and due process dictates that the proceeding be considered as exonerating the doctor in all respects.

And, although the statute requires the board to send a physician a letter of admonition rather than a letter of concern if the board learns of subsequent actions of a similar nature by a physician previously issued a letter of concern, we note that the physician could then challenge both the basis for the initial letter of concern and the basis for the letter of admonition in formal adjudicatory proceedings before a hearing panel of the board. *See* § 12–36–118(4)(c)(III).

Thus, since the issuance of a letter of concern by the board is not an appealable "disciplinary action" against a licensee within the meaning of the Medical Practice Act, this court lacks subject matter jurisdiction over this appeal.

Accordingly, the appeal is dismissed with prejudice.

PIERCE and RULAND, JJ., concur.