No. 22545.

THE PEOPLE OF THE STATE OF COLORADO, EX REL THE CITY OF AURORA, A MUNICIPAL CORPORATION *v.*
CAROLE ANNE SMITH.
(424 P.2d 772)

Decided March 6, 1967.     Opinion modified and as modified petition for rehearing denied March 20, 1967.

L. M. COULTER, City Attorney, WILLARD B. ROGERS, JR., Assistant, for petitioner.

No appearance for respondent.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

A chronology of the significant facts in this controversy is as follows:

1. on April 1, 1966, Carole Anne Smith was convicted in the municipal court for the city of Aurora of violating

a municipal ordinance relating to careless driving, and was fined $15 therefor;

2. pursuant to 1965 Perm. Supp., C.R.S. 1963, 139-36-2, Smith thereafter appealed her conviction to the county court of Arapahoe County;

3. on July 25, 1966, upon trial de novo in the county court of Arapahoe County, the trial judge dismissed the careless driving charge against Carole Anne Smith and entered judgment in her favor;

4. the basis of the county court's ruling was that the local municipal ordinance on careless driving was deemed to be inconsistent and in conflict with the State statute on careless driving, and accordingly by virtue of 1965 Perm. Supp., C.R.S. 1963, 13-5-6, the local ordinance was held by the aforementioned county court to be of no force and effect; and

5. on August 17, 1966, a motion for new trial filed by the city of Aurora was denied by the county court.

On October 6, 1966, this court granted a "Petition for Writ of Certiorari on Appeal" filed in this court by *The People ex rel Aurora,* wherein review was sought of the action of the county court dismissing the charge against Smith. *The People ex rel Aurora* thereafter filed a brief in support of its general contention that the county judge had erred in various and sundry particulars. No appearance was made on behalf of the respondent Smith.

We are now convinced that the "Petition for Writ of Certiorari on Appeal" was in the first instance improvidently granted, and upon a full consideration of the matter we are now of the view that the petition should have been denied. This is so, because the city of Aurora has misconceived its remedy. Under applicable statutes Aurora, instead of filing a petition for a writ of certiorari in this court, should have appealed the decision of the county court to the district court.

The petitioner urges that by virtue of Colo. R. Crim. P. 37, as amended, a writ of certiorari does lie from

this court to the final judgment of any county court which judgment is the result of an appeal from a municipal or police court. Furthermore, by virtue of C.R.S. 1963, 139-36-16, the petitioner contends that it is actually *precluded* from appealing the judgment of the county court to the district court.

In the first instance, it should be pointed out that C.R.S. 1963, 139-36-16 was repealed by the 1964 General Assembly. See Colo. Sess. Laws 1964, ch. 100, § 12. By repealing the statute which specifically provided that there was *no* appeal to the district court from a judgment of the county court in cases commenced in municipal court, it is to be presumed that such was done with the legislative intent to *permit* the appeal of such cases from the county court to the district court.

Continuing, then, 1965 Perm. Supp., C.R.S. 1963, 37-15-10, provides that appeals from final judgments and decrees of the county court "shall be" taken to the district court, and that further appeal to the supreme court from a determination of the district court in a matter appealed to such court from the county court may be made only on a writ of certiorari issued in the discretion of the supreme court. And the aforementioned statute does *not* except from its operation those cases which are commenced in the municipal court and thereafter appealed to the county court. Hence it would appear that appeal from *all* final judgments of the county court is now to be made to the district court. See also in this general regard 1965 Perm. Supp., C.R.S. 1963, 37-17-15.

It is quite true that Colo. R. Crim. P. 37, as amended, would indicate that a writ of certiorari does lie to the judgment entered in the instant controversy by the county court for Arapahoe County. However, we are now convinced that the portion of that rule which supports the position taken by this petitioner was in the first instance erroneously promulgated by us and is therefore invalid and of no effect.

The jurisdiction of this court is in the first instance fixed by Article VI, § 2(2) of our constitution. That particular section provides for appellate review by us of every final judgment of the district courts in the state, the probate court of the city and county of Denver, and the juvenile court of the city and county of Denver, and such other appellate review "as may be provided by law." This means, then, that our jurisdiction, as initially spelled out in our constitution, may be expanded by statute. But such is no authority for us to expand our jurisdiction by rule of court.

Furthermore, the writ of certiorari mentioned in Article VI, § 3 of our constitution is to be distinguished from, and not to be confused with, the statutory writ of certiorari provided for in 1965 Perm. Supp., C.R.S. 1963, 37-15-10.

It is for this reason that we now conclude that the portion of Colo. R. Crim. P. 37 which would authorize writs of certiorari to the final judgment of a county court which judgment results from an appeal from municipal or police court is invalid and of no effect. Hence, the city of Aurora, being dissatisfied with the judgment of dismissal entered by the county court for Arapahoe County, should have "appealed" to the district court in that county. This it did not do, and it is in this circumstance that we now determine that this petition should have been denied.

Accordingly, the prior order of this court granting Aurora's "Petition for Writ of Certiorari on Appeal" is hereby vacated, and the writ is now dismissed.