No. 24610.

BILL DREILING MOTOR COMPANY, A COLORADO CORPORATION v. THE COURT OF APPEALS OF COLORADO, HARRY S. SILVERSTEIN, JR., RALPH H. COYTE, WILLIAM F. DWYER, CHARLES D. PIERCE, PHILIP G. DUFFORD AND DAVID W. ENOCH.

(468 P.2d 37)

Decided April 13, 1970.

MALEY and SCHIFF, JOHN T. MALEY, for petitioner.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is an original proceeding in which petitioner seeks a writ of quo warranto challenging the authority of the Colorado Court of Appeals to entertain a writ of error of petitioner to the District Court judgment against it and in favor of St. Paul Fire & Marine Insurance Company — not a party joining in these proceedings. We issued a rule to show cause.

The action was filed in this court after the following procedural history: In August 1967, writ of error was issued out of this court in case No. 23157, entitled Bill Dreiling Motor Company v. St. Paul Fire & Marine Insurance Company. In December of 1969, pursuant to orders issued out of this court, the attorneys of record in the Supreme Court case were advised that on January 2, 1970 their writ of error would be transferred to the newly created Court of Appeals for determination. Petitioner filed what was designated "Objections to Transfer of Action." This court overruled the objection on January 2, 1970, and the case was lodged in the Court of Appeals and assigned a new docket number in that court. Then followed the quo warranto petition on the ground that the statute creating the Court of Appeals and creating the jurisdiction vested therein is unconstitutional. The Court of Appeals and the judges thereof have appeared here through the office of the Attorney General and made answer to the show cause order.

## I.

The sections of the statute attacked as being unconstitutional are 1969 Perm. Supp., C.R.S. 37-21-2, 37-21-8, and 37-21-10(2)(b) appearing in the Session Laws of 1969 and commencing at page 265 of that volume.

The pertinent sections of the act creating the Court of Appeals and providing for the division of jurisdiction on appeal between the new court and the Supreme Court and establishing the manner of review from the Court of Appeals to the Supreme Court read as follows:

"37-21-2. *Jurisdiction.* — (1)(a) Any provision of law to the contrary notwithstanding, the court of appeals shall have initial jurisdiction over appeals from final judgments of the district courts, superior courts, the probate court of the city and county of Denver, and the juvenile court of the city and county of Denver, except in:

(b) Criminal cases tried initially in district court and contributing to delinquency cases, pursuant to section 22-1-4(2)(b), C.R.S. 1963, as amended, tried initially in the juvenile court of the city and county of Denver;

(c) Cases in which the constitutionality of a statute, a municipal charter provision, or an ordinance is in question;

(d) Cases concerned with decisions or actions of the public utilities commission;

(e) Water cases involving priorities or adjudications;

(f) Writs of habeas corpus;

(g) Cases appealed from the county court to the district court or superior court, as provided in section 37-15-10;

(h) Summary proceedings initiated under chapter 49, C.R.S. 1963, as amended.

(2) The court of appeals shall have initial jurisdiction to review awards or actions of the industrial commission, as provided in article 14 of chapter 81, C.R.S. 1963, and article 5 of chapter 82, C.R.S. 1963, as amended.

(3) The court of appeals shall have authority to issue any writs, directives, orders, and mandates necessary to the determination of cases within its jurisdiction."

"37-21-8. *Supreme court review.* — (1) Before application may be made for writ of certiorari, as provided in this section, application shall be made to the court of appeals for a rehearing as provided by supreme court rule.

(2) Within thirty days after a rehearing has been refused by the court of appeals, any party in interest who is aggrieved by the judgment of the court of appeals may appeal by application to the supreme court for a writ of certiorari."

"37-21-10(2)(b). Any case within the jurisdiction of the court of appeals which was filed in the supreme court prior to the effective date of this article may be transferred to the court of appeals by the supreme Court."

The constitutional provisions alleged to be violated by the cited statutory section is Article VI, section 2(2) as follows:

"(2) Appellate review by the supreme court of every final judgment of the district courts, the probate court of the city and county of Denver, and the juvenile court of the city and county of Denver shall be allowed, and the supreme court shall have such other appellate review as may be provided by law. * * *"

The petitioner construes this constitutional provision to require direct appellate review by the supreme court, and argues that the writ of certiorari provided for does not comply with the constitutional mandate.

The question before us is easily stated: "Is review by certiorari appellate review?" If it is then C.R.S. 1963, 37-21-8(2), 37-21-10(2)(b), and Article VI, section 2(2) of the constitution are not in conflict.

■■ There is no question that certiorari is now, and always has been, a recognized form of appellate review. Indeed, under the common law, the only comparable types of review available were by writ of error, writ of false judgment, or writ of certiorari. The form of certiorari review this court will maintain over the Court of Appeals is quite similar to the common law review

by certiorari, and distinguishable from the limited ancillary type of certiorari in existence in past years under C.R.C.P. 106(a)(4); 4 C.J.S., *Appeal and Error,* § 8. Certiorari is presently recognized as a form of appellate review. *DeGroot v. Sheffield,* 95 So.2d 912 (Fla.); 14 C.J.S., *Certiorari,* § 2. Other courts have agreed with this. Although the statement is dictum, the Missouri court, in *State ex rel Bentley v. Reynolds,* 190 Mo. 578, 89 S.W. 877, has said:

"* * * We know what is meant when it is said that an appellate court is to review the action of a court of original jurisdiction. It refers to the action of any appellate court concerning a case that is before it *either* on appeal, writ of error, or certiorari. * * *" (Emphasis added.)

*See* also, *State ex rel Massman Construction Co. v. Shain,* 344 Mo. 1003, 138 S.W.2d 649.

In *Orlando Transit Co. v. Florida Railroad and Public Utilities Commission,* 160 Fla. 795, 37 So.2d 321, it is said: "To the extent that it involves the review of the proceedings of an inferior court certiorari is an appellate proceeding, * * *."

The petitioner contends that certiorari is not a writ of right. This argument begs the question of whether our procedure contravenes the constitutional provisions. The *petition* provided in Colorado Appellate Rules for a writ of certiorari is an *application of right.* The study by this court of that petition and of the record on appeal to determine whether to grant or deny the petition constitutes a review. As to petitions for certiorari which are denied, we hold that this review is "appellate review" as that term is used in the Colorado constitution.

In short, then, if the framers of Article VI, section 2(2) had intended that the Supreme Court review all judgments by writ of error or by appeal exclusively, they would have indicated their intent in so many words. The mode of granting such review was not prescribed. It can encompass any form of appellate review, including cer-

tiorari. The procedure established in 37-21-8(2), 37-21-10(2)(b) and in C.A.R. 50 through 57 clearly provides for appellate review in this court.

## II.

The second contention made by petitioner is that C.R.S. 1963, 37-21-10(2)(b) is void and inapplicable to petitioner because the statutory procedure is contrary to C.R.C.P. 111; and that 37-21-8(2) is unconstitutional because it amounts to an unlawful change by the legislature of rules of the Supreme Court. We disagree.

The changes brought about by the statutes in question pertain to the subject matter, *i.e.,* jurisdiction of the Supreme Court and Court of Appeals and, as such, the changes are within the authority of the General Assembly. Article VI, section 1 of the Colorado constitution provides, *inter alia:*

"The judicial power of the state shall be vested in a supreme court, district courts, a probate court in the city and county of Denver, a juvenile court in the city and county of Denver, county courts, and such other courts or judicial officers with jurisdiction inferior to the supreme court, as the general assembly may, from time to time establish; * * *."

Also, as has been previously noted, Article VI, section 2, provides that the Supreme Court shall have "such other appellate review as may be provided by law."

One of the statutes questioned by petitioner permits transfer to the Court of Appeals of certain cases filed in the Supreme Court prior to January 1, 1970 (37-21-10 (2)(b); and the other establishes certiorari as the form of review from the Court of Appeals (37-21-8(2)). It appears that petitioner is contending that the Rules of Civil Procedure must prevail over the statutes.

However, the statutes in question clearly provide for the subject matter jurisdiction of both this court and of the defendant Court of Appeals. The manner in which such jurisdiction is exercised is properly within the scope of this court's rule-making powers vested by Article VI,

section 2(1) of the state constitution. Moreover, this procedure has been established, and is set forth in C.A.R. 50-57.

■ Statutes pertaining to the creation of appellate remedies take precedence over judicial rules of procedure. In *People ex rel City of Aurora v. Smith,* 162 Colo. 72, 424 P.2d 772, the court held a statute limiting appeals from certain county court judgments to the district court takes precedence over a procedural rule allowing certiorari review by this court bypassing the district court. In reaching this conclusion, the court said: "The jurisdiction of this court is in the first instance fixed by Article VI, § 2(2) of our constitution. That particular section provides for appellate review by us of every final judgment of the district courts in the state, the probate court of the city and county of Denver, and the juvenile court of the city and county of Denver, and such other appellate review 'as may be provided by law.' This means then, that our jurisdiction, as initially spelled out in our constitution, may be expanded by statute. *But such is no authority for us to expand our jurisdiction by rule of court.*

"Furthermore, the writ of certiorari mentioned in Article VI, § 3 of our constitution is to be distinguished from, and not to be confused with, the statutory writ of certiorari provided for in 1965 Perm. Supp., C.R.S. 1963, 37-15-10. "It is for this reason that we now conclude that the portion of Colo. R. Crim. P. 37 which would authorize writs of certiorari to the final judgment of a county court which judgment results from an appeal from municipal police court is invalid and of no effect. * * *" (Emphasis added.)

■ The same reasoning applies to the arguments raised in this matter by the petitioner. Most assuredly, this court has authority to adopt rules for the regulation of the business of the courts and the procedure to be followed by litigants in doing that business. Nonetheless, absent constitutional authority, it is equally clear that

456

this court cannot adopt a rule which changes jurisdiction of a court contrary to a provision of a statute.

The rule is discharged.