598 P.2d 526 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Thomas Neil MEYERS, Defendant-Appellant.
No. 79CA0531.
Colorado Court of Appeals, Div. I.
July 19, 1979.
*527 J. D. MacFarlane, Atty. Gen., J. Stephen Phillips, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Thomas Neil Meyers, pro se.
SILVERSTEIN, Judge.
Defendant appealed a county court judgment to the district court, which affirmed. He then filed this appeal. We dismiss the appeal.
Section 13-6-310(1), C.R.S.1973, provides that a final judgment rendered by a county court shall be reviewed by the district court of the judicial district in which the county is located. Further review of such cases may be had only by petition for writ of certiorari to the Supreme Court. Section 13-6-310(4), C.R.S.1973. Furthermore, cases appealed from a county court to a district court are specifically excluded from the jurisdiction of the Court of Appeals. Section 13-4-102(1)(f), C.R.S.1973.
Where the General Assembly has enacted statutes prescribing appellate procedure, this court may not modify the jurisdiction granted it by statute. Bill Dreiling Motor Co. v. Court of Appeals, 171 Colo. 448, 468 P.2d 37 (1970). Although § 13-4-110(3), C.R.S.1973, provides that cases filed in the wrong appellate court shall not be dismissed, where, as here, appeal will not lie in either court, the only review being by certiorari, the case must be dismissed for failure to comply with the statutory procedure. People ex rel. City of Aurora v. Smith, 162 Colo. 72, 424 P.2d 772 (1967); Industrial Commission v. Plains Utility Co., 127 Colo. 506, 259 P.2d 282 (1953); Trujillo v. Industrial Commission, 31 Colo.App. 297, 501 P.2d 1344 (1972).
Therefore, the appeal is dismissed.
COYTE and KELLY, JJ., concur.