**JOEL L. SCHAFFER, P.C., a Colorado professional corporation, and Joel L. Schaffer, an individual, Plaintiffs–Appellants,**

**v.**

**CHRISTOPHER M. SULLIVAN, P.C., a Colorado professional corporation, Christopher M. Sullivan, an individual, and Marina Bonneville, Defendants–Appellees.**

**No. 92CA0480.**

Colorado Court of Appeals,
Div. V.

Dec. 17, 1992.

Cooper & Kelley, P.C., Thomas B. Kelley, Denver, for plaintiffs-appellants.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, for defendants-appellees Christopher M. Sullivan, P.C., a Colorado professional corp., Christopher M. Sullivan, an individual.

Buchanan, Gray, Purvis & Schuetze, P.C., Glen F. Gordon, Boulder, for defendant-appellee Marina Bonneville.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James F. Carr, Robin R. Rossenfield, Asst. Attys. Gen., Denver, for amicus curiae Colorado Bd. of Dental Examiners.

Wilcox, Ogden & Cox, P.C., Ralph Ogden, Denver, for amicus curiae The Colorado Trial Lawyers Ass'n.

Opinion by Judge HUME.

Plaintiffs, Joel L. Schaffer, P.C., a Colorado professional corporation, and Joel L. Schaffer, individually, appeal from the trial court's order vacating a previously issued *ex parte* temporary restraining order and denying plaintiffs' motion for preliminary injunctive relief against defendants, Christopher M. Sullivan, P.C., a Colorado professional corporation, Christopher M. Sullivan, individually, and Marina Bonneville. We affirm.

This case arises from an underlying suit for dental malpractice brought by plaintiff Bonneville through her attorney Sullivan and his professional corporation against Schaffer and his professional corporation. After the malpractice action was filed, the parties participated in a settlement conference conducted by an independent mediator. Terms of settlement were discussed during mediation, but no settlement agreement was reached during those proceedings.

Subsequently, defendant served an offer of settlement for $60,000 on counsel for plaintiffs, pursuant to the provisions of § 13–17–202, C.R.S. (1992 Cum.Supp.). Counsel for plaintiffs responded by serving a written counter-offer of settlement for $50,000, which was accepted by defendants. Judgment was subsequently entered thereupon pursuant to the provision of § 13–17–202(3), C.R.S. (1992 Cum.Supp.).

No confidentiality or non-disclosure agreement was reached by the parties prior to entry of the monetary judgment, although the parties did continue to negotiate the terms of such an agreement both before and after the money judgment was satisfied. When those negotiations broke down, plaintiff commenced this action seeking an injunction to prevent defendants from disclosing the settlement, its terms, and other confidential matters.

An *ex parte* temporary restraining order was issued pursuant to C.R.C.P. 65(b) upon commencement of the action. That order was subsequently dissolved, and plaintiffs' motion for preliminary injunction was denied when the trial court found, after holding a hearing, that little or no reasonable probability of success on the merits of the plaintiffs' claims had been demonstrated.

Plaintiffs appealed to this court, and we referred the case to the Supreme Court pursuant to § 13–4–110, C.R.S. (1987 Repl. Vol. 6A) to determine the question of proper jurisdiction. The Supreme Court declined to accept a transfer of jurisdiction.

**A.**

As a threshold matter, we address defendants' motion to dismiss the appeal based upon their contention that, because a ruling on a motion for a preliminary injunction is not a final judgment, this court lacks jurisdiction over the subject matter of this action. We disagree.

It is not clear whether this court has initial statutory jurisdiction, pursuant to § 13–4–102(1), C.R.S. (1987 Repl.Vol. 6A), over interlocutory rulings in injunction proceedings because they are not final judgments. *See Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982). *See also Hyman & Co. v. Velsicol Corp.,* 119 Colo. 121, 201 P.2d 380 (1948). *But see City of Leadville v. Leadville Sewer Co.,* 47 Colo. 118, 107 P. 801 (1909).

Direct appeals as of right were strictly limited to final judgments in 1911. Colo. Sess.Laws 1911, ch. 6 § 6 at 11, later codified as Compiled Laws, Code of Civil Procedure, ch. 38, § 425 (1921). However, in 1939, anticipating the promulgation and adoption of the Colorado Rules of Civil Procedure, the General Assembly initially enacted the predecessor to § 13–2–108, C.R.S. (1987 Repl.Vol. 6A), which provided,

among other things, for the repeal of all existing laws in conflict with such rules. *See* Colo.Sess.Laws 1939, ch. 80 § 1 at 264.

In 1941, the Colorado Supreme Court adopted the substance of C.A.R. 1(a)(3) which permitted direct appellate review of rulings on preliminary injunctions. *See* 35 C.S.A. (1941 Repl.Vol. I), Rule 111(a)(3). The adoption of such rules is expressly authorized by the Colo. Const. art. VI, § 2, and by the 1939 statute.

Therefore, the previously existing requirement of finality for appellate review pursuant to C.L. § 425 was nullified because it conflicted with C.A.R. 1(a)(3) which provided a direct appeal from a preliminary injunction ruling to an appellate court with proper jurisdiction. *See Marco Lounge, Inc. v. Federal Heights,* 625 P.2d 982 (Colo. 1981) (fn. 2). Accordingly, since a direct appeal from a ruling granting or denying a preliminary injunction is available as a matter of right under a Supreme Court rule promulgated pursuant to statutory and constitutional authority, only the question as to which appellate court should exercise jurisdiction remains.

The General Assembly has expressly conferred authority upon the Colorado Supreme Court to determine summarily and conclusively any issue as to which of the two appellate courts has and should exercise appellate jurisdiction. *See* § 13-4-110(1)(a), C.R.S. (1987 Repl.Vol. 6A).

Here, because this court referred the question of jurisdiction to the Supreme Court and because that court has declined to exercise jurisdiction, the appeal of right cannot now be dismissed. *See* § 13-4-110(3), C.R.S. (1987 Repl.Vol. 6A).

Thus, we conclude that we have subject matter jurisdiction over this appeal by virtue of the Supreme Court's refusal to accept transfer. Accordingly, we deny defendants' motion to dismiss.

### B.

Plaintiffs also contend that the trial court erred in refusing to admit parol evidence as to the terms of the settlement agreement. We disagree.

Plaintiffs' counsel admitted, both in his affidavit in support of the motion for temporary injunction and in argument before the trial court, that no agreement had been reached concerning confidentiality or nondisclosure prior to defendants' acceptance of the counter-offer for monetary settlement. Accordingly, when judgment entered pursuant to that settlement agreement, no confidentiality agreement was incorporated therein, either expressly or by implication.

■ Thus, the trial court's findings that the written agreement as incorporated in the judgment was complete, unambiguous, and that the integrated document contained the entire agreement of the parties, was supported by evidence and by plaintiffs' admission. And, in the absence of any alleged ambiguity or lack of completeness of the written agreement, parol evidence was not relevant or material to any issue to be decided, and its admission could not have affected the result of the proceeding.

We also reject plaintiffs' contention that injunctive relief is required in order to protect confidential information obtained by discovery. We find nothing in the record to indicate that any confidential information was obtained by defendants' pursuit of discovery either in this case or in the underlying case.

The order denying preliminary injunction is affirmed and the cause is remanded to the trial court for further proceedings on the complaint.

STERNBERG, C.J., concurs.

JONES, J., dissents.

Judge JONES dissenting.

I respectfully dissent. I would grant defendants' motion to dismiss and would, therefore, not reach the substantive issues in Part B of the majority opinion.

I agree with the majority that interlocutory rulings in injunction proceedings are not final judgments, *see Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982), and that it is not clear which appellate court should exercise jurisdiction over such rul-

ings on appeals. Indeed, I believe that, under the circumstances here, neither court has jurisdiction.

The General Assembly has strictly prescribed the jurisdiction of the Colorado Court of Appeals. Among other provisions, it has mandated that "the court of appeals shall have initial jurisdiction over appeals from *final judgments* of [the several trial courts and various administrative agencies throughout the state of Colorado]." Section 13–4–102(1), C.R.S. (1987 Repl.Vol. 6A) (emphasis added). Throughout § 13–4–102(2), C.R.S. (1987 Repl.Vol. 6A) the reference to "final actions and orders," "final decisions or orders," and "final actions" is replete. In taking the General Assembly at its word, I believe that it intended the Court of Appeals to review only final dispositions of legal disputes. The denial of the motion for preliminary injunction appealed here lacks such finality.

This court transferred this matter to the Supreme Court because we recognized that our court does not have jurisdiction over the matter. In returning the matter to us, the Supreme Court neither specifically conferred jurisdiction upon this court nor made any reference to § 13–4–110, C.R.S. (1987 Repl.Vol. 6A). That Court simply declined to exercise jurisdiction over this matter itself.

In my view, by its ruling, the majority has mistakenly put words into the order of the Supreme Court which, presumably, knows how to tell this court, expressly, when and how to accept jurisdiction. Its order here did not do so in any language express or implied.

The circumstances of this case reveal that, as it was postured for this appeal, it will not lie in either appellate court. Its present status seems to suggest that the only review possible is by certiorari under C.A.R. 21. I believe the Supreme Court recognized as much in referring the case back to this court without an express delegation of jurisdiction to this court.

Under such circumstances, the case must be dismissed. *See People v. Meyers,* 43 Colo.App. 63, 598 P.2d 526 (1979). This is true in spite of the language of § 13–4–110(3) because the appellants have not complied with statutory procedure. *People ex rel. City of Aurora v. Smith,* 162 Colo. 72, 424 P.2d 772 (1967).

Nor, in my view, may appellants take refuge in C.A.R. 1(a)(3), which provides that: "An appeal to the appellate court may be taken from ... [a]n order granting or denying a temporary injunction." The courts may not modify by rule jurisdiction granted by statutes which create that jurisdiction. *Bill Dreiling Motor Co. v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37 (1970).

Thus, I find no justification for this court to accept jurisdiction here. Accordingly, I would dismiss the appeal.