**Karen G. HOLDRIDGE, Petitioner–Appellant,**

v.

**BOARD OF EDUCATION OF KEENESBURG RE–3 WELD COUNTY REORGANIZED SCHOOL DISTRICT NO. 3 and Board of Education of Weld County Board of Cooperative Educational Services, Respondents–Appellees.**

**No. 93CA1142.**

Colorado Court of Appeals,
Div. II.

June 30, 1994.

Rehearing Denied Aug. 4, 1994.

Colorado Educ. Ass'n, Martha R. Houser, Gregory J. Lawler, Sharyn E. Dreyer, Cathy L. Cooper, Bradley C. Bartels, Aurora, for petitioner-appellant.

Miller, DeLay & Crabb, P.C., Thomas S. Crabb, Pauline A. Brock, Westminster, for respondents-appellees.

Opinion by Judge JONES.

Petitioner, Karen G. Holdridge, appeals an order of respondents, Board of Education of Keenesburg RE–3 Weld County Reorganized School District No. 3 (Board) and the Board of Education of Weld County Board of Cooperative Educational Services, placing her on probation for one year. We dismiss the appeal.

A hearing on a recommendation that petitioner be dismissed from her position as a tenured teacher was held before a hearing officer commencing April 19, 1993, and concluding April 30, 1993. The hearing officer made extensive findings of fact, as well as an ultimate recommendation that petitioner should be retained as a teacher by the school district.

In June 1993, the Board accepted the hearing officer's findings of fact, but not the officer's ultimate conclusion that petitioner should be retained with no further sanction. Instead, it found that the findings of fact "support the charges in the Superintendent's recommendation for dismissal ... any one or all of which are grounds to place the teacher on probation." The Board ordered that petitioner be placed on a one-year probation. It is from this order that petitioner now appeals.

This appeal is brought under the Teacher Employment, Compensation, and Dismissal Act of 1990, § 22–63–101, et seq., C.R.S. (1993 Cum.Supp.) (1990 Act), which provides that a teacher may be dismissed for "physical or mental disability, incompetency, neglect of duty, immorality, unsatisfactory performance, insubordination, the conviction of a felony ... or other good and just cause." Section 22–63–301, C.R.S. (1993 Cum.Supp.).

The 1990 Act, like its predecessor, contemplates a two-step process of administrative adjudication. Following the completion of the hearing officer's findings of fact and recommendation, the Board is required to review the findings and recommendation and determine whether to retain the teacher, dismiss the teacher, or place the teacher on a one-year probation. Sections 22–63–302(8) and 22–63–302(9), C.R.S. (1993 Cum.Supp.). *See Kerin v. Board of Education,* 860 P.2d 574 (Colo.App.1993).

This two-part process vests the school board with the authority to reject a hearing officer's recommendation of retention and to substitute in its place new ultimate findings "as long as the new ultimate findings are fully warranted by the evidentiary findings of the hearing officer and the school board states the reasons for its new findings of ultimate fact." *Blaine v. Moffat County School District RE No. 1,* 748 P.2d 1280, 1290 (Colo.1988).

Here, the Board determined that the hearing officer's findings constituted sufficient

grounds to place the teacher on probation. In compliance with the procedural mandates of the 1990 Act, the Board cited specific findings of the hearing officer which it determined to be supportive of the order of probation.

■ Petitioner now contends that, pursuant to § 22–63–302(10)(c), C.R.S. (1993 Cum. Supp.), this court is required to review the record to determine whether the Board's final order, or the hearing officer's recommendation, has more support in the record as a whole. While we agree that this is the appropriate course of action upon review of a school board's dismissal of a teacher, § 22–63–302(10)(c), C.R.S. (1993 Cum.Supp.) does not contain any provisions addressing this court's review of a school board's decision to place a teacher on probation. Moreover, jurisdiction for this court's review of a school board's probation determination is not conferred by any other provision of the 1990 Act.

Section 13–4–102(2)(1), C.R.S. (1993 Cum. Supp.) confers general jurisdiction upon the court of appeals to: "Review decisions of the board of education of a school district in proceedings for the dismissal of a teacher, as provided in section 22–63–302(10), C.R.S., [ (1993 Cum.Supp.) ]" See Colo. Sess. Laws 1990, ch. 150 at 1128. Section 22–63–302(10) provides a teacher with redress to appeal a school board's decision of dismissal.

Prior to promulgation of the 1990 Act, and the enactment of § 22–63–302(10), C.R.S., a teacher was entitled to file for review of any determination of "the employing school board ... [based] on the record made before the administrative law judge and the board." Section 22–63–117(11), C.R.S. (1988 Repl.Vol. 9) (repealed, Colo. Sess. Laws 1990, ch. 150 at 1117, et seq.). However, with passage of the 1990 Act, the successor statute, § 22–63–302(10), provided limits on a teacher's right to appeal. It established a teacher's entitlement to appeal only board decisions of dismissal and states, in relevant part:

If the board dismisses the teacher pursuant to the provisions of subsection (9) of this section, the teacher may file an action for review in the court of appeals in accordance with the provisions of this subsection (10), in which action the board shall be made the party defendant.

Colo. Sess. Laws 1990, ch. 150, § 22–63–302(10)(a) at 1126.

Under this reenacted statutory provision, the scope of review is limited to board decisions dismissing a teacher and makes no reference to orders of probation. Based on the language of the statute, we presume that the General Assembly intended to amend the statute to specify that it applies only to dismissal actions. See Federico v. Brannan Sand & Gravel Co., 788 P.2d 1268 (Colo. 1990); Charnes v. Lobato, 743 P.2d 27 (Colo. 1987).

Furthermore, previous decisions regarding teachers who had been placed on probation applied the governing statute, § 22–63–117(11), C.R.S. (1988 Repl.Vol. 9), prior to the amendment. Cf. Forbes v. Poudre School District R–1, 791 P.2d 675 (Colo. 1990); Suley v. Board of Education, 633 P.2d 482 (Colo.App.1981).

■ Statutory terms are to be given effect according to their plain and obvious meaning. People v. Ross, 831 P.2d 1310 (Colo.1992); Climax Molybdenum Co. v. Walter, 812 P.2d 1168 (Colo.1991); Charnes v. Lobato, supra. When, as here, a statute specifies certain situations in which it is to apply, it must be construed to exclude from its operation all other situations not specified. Buder v. Sartore, 774 P.2d 1383 (Colo.1989); Truck Insurance Exchange v. Home Insurance Co., 841 P.2d 354 (Colo.App.1992).

We conclude that § 22–63–302(10)(a), C.R.S. (1993 Cum.Supp.) authorizes teachers to appeal only school board decisions of dismissal and does not authorize teachers to appeal board decisions placing them on probation.

■ Pursuant to § 13–4–102, this court's jurisdiction depends upon whether a school board's order of probation is subject to review pursuant to § 22–63–302(10). This court has no jurisdiction when an action of a state board is not subject to review. See Colorado Board of Medical Examiners v. B.L.L., 820 P.2d 1190 (Colo.App.1991). And we have no authority to expand the appellate

jurisdiction specified by the General Assembly. *Bill Dreiling Motor Co. v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37 (1970); *People v. Meyers,* 43 Colo.App. 63, 598 P.2d 526 (1979).

Additionally, we note that due process issues were not raised and so have not been considered here.

■ Inasmuch as the 1990 Act does not provide for this court's review of a school board's order of probation, this court lacks subject matter jurisdiction over this appeal.

Accordingly, we are compelled to dismiss the appeal.

METZGER and KAPELKE, JJ., concur.