The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
August 13, 2020

## 2020COA122

### No. 20CA0041, *Wilson v. Advisorlaw LLC* — Appeals — Final Appealable Order; Civil Procedure — Failure to State a Claim Upon Which Relief Can be Granted — Voluntary Dismissal

A division of the court of appeals examines whether a party's

voluntary dismissal of some claims without prejudice can create a

final judgment allowing the appeal of claims previously dismissed

by the trial court with prejudice.

Recognizing a split between federal courts, the division adopts

the "*Ryan* rule" that prohibits parties from voluntarily dismissing

claims without prejudice to circumvent finality hurdles. *Ryan v.

Occidental Petroleum Corp.*, 577 F.2d 298, 302 (5th Cir. 1978),

*overruled on other grounds by Curtiss-Wright Corp. v. Gen. Elec. Co.*,

446 U.S. 1 (1980). Applying that rule, the division concludes that

plaintiffs' voluntary dismissal of their remaining claims without prejudice, following the trial court's dismissal of some claims with prejudice under C.R.C.P. 12(b)(5), did not render the action final for purposes of appeal. As a result, the court lacks jurisdiction to consider the appeal.

COLORADO COURT OF APPEALS     **2020COA122**

Court of Appeals No. 20CA0041
Boulder County District Court No. 18CV31049
Honorable Thomas F. Mulvahill, Judge

Mark Wilson and Wilson Law Ltd.,

Plaintiffs-Appellants,

v.

Dochtor Daniel Kennedy; Joshua Charles Barber; Barber Enterprises, LLC; Advisorlaw, LLC; and Stacy Santmyer,

Defendants-Appellees.

## ORDER

Division A
Opinion by JUDGE GOMEZ
Furman and Dunn, JJ., concur

Announced August 13, 2020

HopkinsWay PLLC, Edward C. Hopkins Jr., Alexandra Tracy-Ramirez, Denver, Colorado, for Plaintiffs-Appellants

Burns, Figa, & Will, P.C., Benjamin Figa, Dana L. Eismeier, Erik K. Schuessler, Michael Y. Ley, Greenwood Village, Colorado, for Defendants-Appellees

¶ 1 This matter comes to us on a motion by defendants-appellees, Advisorlaw, LLC; Barber Enterprises, LLC; Joshua Charles Barber; Dochtor Daniel Kennedy; and Stacy Santmyer, to dismiss the appeal for lack of a final, appealable order. After the trial court granted defendants' partial motion to dismiss, plaintiffs-appellants, Mark Wilson and Wilson Law Ltd., tried to create finality by dismissing their remaining claims without prejudice. Plaintiffs then filed a notice of appeal seeking review of the trial court's ruling on the partial motion to dismiss. Defendants argue that plaintiffs' actions didn't create a final judgment for purposes of appeal because a dismissal of claims without prejudice (as opposed to with prejudice) isn't a final judgment. We agree. Therefore, we direct plaintiffs to cure the jurisdictional defect in their appeal within thirty-five days if they wish to proceed with the appeal. Otherwise, the appeal will be dismissed without prejudice for lack of jurisdiction.

I. Background

¶ 2 Plaintiffs brought this civil action alleging that defendants published false and derogatory statements about plaintiffs on a public website and in two news articles. Plaintiffs asserted ten

1

claims, some against all five defendants and others against only some of them.

¶ 3    Defendants filed a partial motion to dismiss under C.R.C.P. 12(b)(5). The trial court granted the motion, dismissing with prejudice five of plaintiffs' claims in their entirety and another claim in part. This left four claims remaining, as well as part of a fifth claim. Plaintiffs voluntarily dismissed those remaining claims without prejudice under C.R.C.P. 41(a)(1)(A), and the trial court closed its case.

¶ 4    Plaintiffs then filed a notice of appeal with this court, seeking review of the trial court's order granting the partial motion to dismiss. Defendants moved to dismiss the appeal on jurisdictional grounds.

## II.    Applicable Law

¶ 5    A state statute confers initial jurisdiction in this court "over appeals from final judgments of . . . the district courts . . . ." § 13-4-102(1), C.R.S. 2019; *see also* C.A.R. 1(a)(1) ("An appeal to the appellate court may be taken from . . . [a] final judgment of any district . . . court . . . .").

¶ 6 Because this court's jurisdiction is conferred by statute, we cannot expand its scope beyond this legislative grant. We have "no authority to expand [our] appellate jurisdiction" beyond that "'specified by' the General Assembly, and . . . cannot 'modify the jurisdiction granted [us] by statute.'" *People in Interest of L.R.B.*, 2019 COA 85, ¶ 15 (quoting *Holdridge v. Bd. of Educ.*, 881 P.2d 448, 450-51 (Colo. App. 1994); *accord People v. Meyers*, 43 Colo. App. 63, 64, 598 P.2d 526, 527 (1979)).

¶ 7 Thus, "[a] final judgment is a jurisdictional prerequisite to review on appeal." *Brody v. Bock*, 897 P.2d 769, 777 (Colo. 1995). A final judgment is one "which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125 n.2 (Colo. 1982) (quoting *D.H. v. People*, 192 Colo. 542, 544, 561 P.2d 5, 6 (1977)). "A dismissal with prejudice is a final judgment; it ends the case and leaves nothing further to be resolved concerning the dispute between the parties." *Foothills Meadow v. Myers*, 832 P.2d 1097, 1098 (Colo. App. 1992).

¶ 8    Ordinarily, "an entire case must be decided before any ruling in that case can be appealed." *People v. G.S.*, 2018 CO 31, ¶ 37 (quoting *Cyr v. Dist. Court*, 685 P.2d 769, 770 (Colo. 1984)). But there are limited circumstances in which a party to a civil case may take an interlocutory appeal before an entire case is final. For instance, C.R.C.P. 54(b) "permits a trial court 'to direct the entry of a final judgment as to one or more but fewer than all of the claims or parties'" if the court expressly determines there is no just reason for delay and expressly directs the entry of judgment. *Id.* at ¶ 39 (quoting *Lytle v. Kite*, 728 P.2d 305, 308 (Colo. 1986)). Also, under C.A.R. 4.2, this court has discretion, under certain circumstances, to permit an interlocutory appeal of a question of law certified by a trial court or stipulated to by the parties. *Affiniti Colo., LLC v. Kissinger & Fellman, P.C.*, 2019 COA 147, ¶¶ 10-12; *see also* § 13-4-102.1(1), C.R.S. 2019. And, under C.A.R. 21, the supreme court has discretion to exercise its original jurisdiction over interlocutory matters. *People v. Tafoya*, 2019 CO 13, ¶ 13.[1]

---

[1] Other statutes and rules expressly permit interlocutory appeals, either as a matter of right or as a matter of court discretion, for certain types of civil rulings. *See, e.g.*, § 13-20-901(1), C.R.S. 2019

4

¶ 9    Defendants moved to dismiss this appeal because plaintiffs dismissed some of their claims without prejudice.  Defendants cite *Brody*, in which our supreme court held that "[g]enerally, a trial court's dismissal of a claim without prejudice does not constitute a final judgment for purposes of appeal because the factual and legal issues underlying the dispute have not been resolved."  897 P.2d at 777.  Under this rule, defendants argue, plaintiffs' dismissal without prejudice didn't create the requisite finality to imbue this court with jurisdiction over their appeal.  We agree.

¶ 10   Plaintiffs acknowledge that a final judgment is a prerequisite to review on appeal and that, under *Brody*, an order dismissing claims without prejudice generally doesn't constitute a final order.  But, they argue, their case falls within an exception to this general rule because the dismissal of some claims with prejudice under

---

(orders granting or denying class certification); § 13-22-228(1), C.R.S. 2019 (orders concerning arbitration); § 24-10-108, C.R.S. 2019 (orders concerning sovereign immunity); § 24-10-118(2.5), C.R.S. 2019 (same); C.A.R. 1(a)(3) (orders granting or denying temporary injunctions); C.A.R. 1(a)(4) (orders involving appointment or discharge of receivers).  We are concerned here with matters that fall outside the scope of these exceptions.

Rule 12(b)(5) worked "in tandem" with the voluntary dismissal of the remaining claims without prejudice "to resolve all issues and claims and close the action." In other words, plaintiffs assert that a voluntary dismissal without prejudice, coupled with a partial dismissal with prejudice, falls within an exception to the general rule precluding dismissals without prejudice from being final for appellate purposes.

¶ 11    We agree that there are exceptions to the general rule. Notably, if a case cannot be resurrected — for instance, if the claims would be time barred or would be precluded from reassertion based on the court's ruling — then the judgment is considered final and appealable despite the dismissal of one or more claims without prejudice. *See, e.g.*, *Spiremedia Inc. v. Wozniak*, 2020 COA 10, ¶ 14 ("[A] dismissal without prejudice is a final judgment if the statute of limitations period has expired or the dismissal otherwise results in prohibiting further proceedings."); *Avicanna Inc. v. Mewhinney*, 2019 COA 129, ¶ 1 n.1 ("Where . . . the circumstances of the case indicate that the action cannot be saved and that the district court's order precludes further proceedings, dismissal without prejudice qualifies as a final judgment for the purposes of appeal.").

¶ 12    But no Colorado authority supports application of an exception when some claims are dismissed with prejudice while others are voluntarily dismissed without prejudice under C.R.C.P. 41(a)(1). Plaintiffs cite *Burden v. Greeven*, 953 P.2d 205 (Colo. App. 1998), but that case doesn't support such an exception. In *Burden*, the trial court granted the defendants' C.R.C.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, and then determined that the plaintiff's C.R.C.P. 41(a)(1) notice of voluntary dismissal (filed while the motion to dismiss was pending) was moot. 953 P.2d at 207. A division of this court recognized that it had jurisdiction over an appeal from those rulings because, notwithstanding that the dismissal was without prejudice, the trial court's ruling on the issue of personal jurisdiction meant "the action cannot be saved by amendment to the complaint." *Id.* *Burden*, therefore, falls within the same exception noted above. *Cf. Wilbourn v. Hagan*, 716 P.2d 485, 485-86 (Colo. App. 1986) (a dismissal based on determination that the defendants weren't subject to personal jurisdiction under Colorado's long-arm statute "constituted a final determination that [the] defendants were not subject to the court's jurisdiction . . . [and] is therefore a final order for purposes of appeal").

¶ 13    The common feature which *Burden* and these other cases share — but which this case does not — is the plaintiffs' inability to pursue the claims further, in either the same or a later action. Although the claims in those cases had been dismissed without prejudice, other limitations, like the statute of limitations or the bounds of personal jurisdiction, barred their reassertion. There is no indication that any such limitation exists here, so nothing would preclude plaintiffs from reasserting the very same claims they dismissed without prejudice.

¶ 14    Although no Colorado case has examined whether a party's voluntary dismissal of some claims without prejudice can create a final judgment allowing the appeal of claims previously dismissed with prejudice, several federal courts, including the United States Court of Appeals for the Tenth Circuit, have. Following the so-called "*Ryan* rule," the Tenth Circuit has declared that "[p]arties may not confer appellate jurisdiction upon us by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed." *Heimann v. Snead,* 133 F.3d 767, 769 (10th Cir.

1998).[2] And, when confronted with the precise circumstance presented in this case, the Tenth Circuit held that "when a plaintiff voluntarily requests dismissal of her remaining claims without prejudice in order to appeal from an order that dismisses another claim with prejudice, we conclude that the order is not 'final' for purposes of [28 U.S.C.] § 1291." *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 148 (10th Cir. 1992).

¶ 15     Although cases among the federal circuits (and even within some circuits) are in conflict, several decisions espouse this same bright line rule. *See, e.g., Blue v. D.C. Pub. Schs.*, 764 F.3d 11, 17 (D.C. Cir. 2014) ("[O]ur circuit treats voluntary but non-prejudicial

---

[2] The "*Ryan* rule" is named after a case from the Fifth Circuit that first adopted the rule prohibiting parties from voluntarily dismissing claims without prejudice to circumvent finality hurdles. *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 (5th Cir. 1978) ("[A] voluntary dismissal is not appealable by the plaintiff in the absence of some condition adverse to him. This is because in a voluntary dismissal a plaintiff gets what he seeks, i.e., a dismissal without an adjudication on the merits, and he is entitled to bring a later suit on the same cause of action. Thus, although the plaintiff here attempts to appeal only the adverse rulings dismissing and striking all of or parts of [some portions] of his complaint, he cannot convert these rulings into a final judgment . . . .") (citations omitted), *overruled on other grounds by Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980).

dismissals of remaining claims as generally insufficient to render final and appealable a prior order disposing of only part of the case."); *Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633, 636 (7th Cir. 2010) ("[A] decision is not final for purposes of appellate jurisdiction if the court rendering it has dismissed one or more of the plaintiff's claims, or one or more of the defendants, with leave to refile."); *Rabbi Jacob Joseph Sch. v. Province of Mendoza,* 425 F.3d 207, 210-11 (2d Cir. 2005) ("[I]mmediate appeal is unavailable to a plaintiff who seeks review of an adverse decision on some of its claims by voluntarily dismissing the others *without prejudice.*"); *Swope v. Columbian Chems. Co.*, 281 F.3d 185, 192-93 (5th Cir. 2002) ("It is a settled rule in the Fifth Circuit that appellate jurisdiction over a non-final order cannot be created by dismissing the remaining claims without prejudice."); *State Treasurer v. Barry,* 168 F.3d 8, 13 (11th Cir. 1999) ("[V]oluntary dismissals, granted without prejudice, are not final decisions themselves and also do not transform an earlier partial dismissal or partial summary judgment order into a final decision."); *see also Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local 27,* 728 F.3d 354, 359 (4th Cir. 2013) (allowing appeal to proceed only

by deeming the voluntary dismissal to be with prejudice); *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991) (allowing appeal to proceed only after the appellants "renounced . . . any intention to take further action" on the claims dismissed without prejudice).

¶ 16     Even where they espouse a bright line rule, however, the courts have often recognized exceptions, for instance where parties dismissed some claims without prejudice before (rather than after) other claims were resolved on the merits, *see, e.g.*, *Barone v. United Airlines, Inc.*, 355 F. App'x 169, 179 (10th Cir. 2009) (unpublished opinion); *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1265-66 (11th Cir. 1999), where the claims that were dismissed without prejudice couldn't be reasserted for other reasons (such as the running of the statute of limitations or an adverse legal ruling that would preclude a claim), *see, e.g.*, *Arrow Gear*, 629 F.3d at 636-37; *Barone*, 355 F. App'x at 179; *Jackson v. Volvo Trucks N. Am., Inc.*, 462 F.3d 1234, 1238 (10th Cir. 2006), or where other circumstances warranted consideration of the appeal, *see, e.g.*, *84 Lumber Co. v. Cont'l Cas. Co.*, 914 F.3d 329, 333 (5th Cir. 2019) (a plaintiff can appeal an adverse ruling even if the defendant, following the ruling, dismisses its remaining third party claim without prejudice).

11

¶ 17    Some courts, however, have adopted more lenient approaches, allowing parties to create finality in much the same way plaintiffs did here, particularly if the trial court approved the voluntary dismissal and if there was no intent to manipulate appellate jurisdiction.  *See, e.g., James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070 (9th Cir. 2002) ("[W]hen a party that has suffered an adverse partial judgment subsequently dismisses remaining claims without prejudice with the approval of the district court, and the record reveals no evidence of intent to manipulate our appellate jurisdiction, the judgment entered after the district court grants the motion to dismiss is final and appealable . . . ."); *Hicks v. NLO, Inc.*, 825 F.2d 118, 120 (6th Cir. 1987) ("[P]laintiff's dismissal with the concurrence of the court of the only count of her complaint which remained unadjudicated imparted final[i]ty to the District Court's earlier order granting summary judgment.").  Plaintiffs point out that at least one state — Oklahoma — has adopted such an approach.  *See Raven Res., L.L.C. v. Legacy Bank*, 229 P.3d 1273, 1278 (Okla. Civ. App. 2009) ("[A]n order of dismissal that terminates an action without prejudice is appealable even though a new suit might later be brought on the same claim against the same

12

defendants.'" (quoting *Patmon v. Block*, 851 P.2d 539, 543 (Okla. 1993))).

¶ 18     We find the reasoning supporting the bright line rule to be compelling and, therefore, we adopt that rule.  The federal circuits have outlined various reasons supporting this rule, most of which apply equally in this state.

¶ 19     First, the circuits have invoked the concerns of judicial efficiency and the prevention of piecemeal appeals — concerns that underlie the final judgment rule in Colorado as well as in the federal system.  *See Harding Glass*, 640 P.2d at 1127 (expressing concern for "avoid[ing] the dissipation of judicial resources through piecemeal appeals") (citing federal authorities).

¶ 20     As one court explained, "exercising jurisdiction" in split judgment cases, where some claims are dismissed with prejudice and some without, "would undermine the policies of judicial efficiency, avoiding piecemeal litigation, and district court independence that are the basis of the final judgment rule."  *Barry*, 168 F.3d at 13 (quoting *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1336 (11th Cir. 1998)); *accord Blue*, 764 F.3d at 18 ("Non-prejudicial dismissals of remaining

parties . . . [or] claims . . . could be used to generate overlapping lawsuits, piecemeal appeals, and splintered and harassing litigation."); *Arrow Gear*, 629 F.3d at 636 ("[Appellant's] maneuver, if allowed, would prevent the entirety of the contested issues, involving all the parties, from being resolved in a single appeal; it would exemplify piecemeal appealing, which is disfavored in the federal court system."); *Rabbi Jacob Joseph Sch.*, 425 F.3d at 210 ("Tolerance of that practice would violate the long-recognized federal policy 'against piecemeal appeals.'") (citation omitted).

¶ 21 Second, the courts have reasoned that split judgments are not actually final. While one might argue that in such a case the litigation has technically ended and the trial court has nothing further to do but execute the judgment, in actuality "the litigation has not been terminated on the merits" because the dismissal without prejudice "is not an adverse final ruling" and "leaves the dismissed claim for another day." *Barry*, 168 F.3d at 14; *see also Cook*, 974 F.2d at 148 (noting that the plaintiff "remains free to file another complaint raising those same claims"); *Arrow Gear*, 629 F.3d at 637 (expressing similar concerns).

¶ 22    Third, the courts have raised concerns about circumvention of the available avenues for interlocutory review — particularly Fed. R. Civ. P. 54(b), which is comparable to C.R.C.P. 54(b).  *See Allison v. Engel,* 2017 COA 43, ¶ 25 n.3.  For instance, after the trial court in *Cook* declined to grant Fed. R. Civ. P. 54(b) certification on a claim that had been dismissed with prejudice, the plaintiff dismissed the other claims without prejudice and tried to appeal anyway.  974 F.2d at 148.  In response, the Tenth Circuit wrote, "a plaintiff cannot be allowed to undermine the requirements of Rule 54(b) by seeking voluntarily [sic] dismissal of her remaining claims and then appealing the claim that was dismissed with prejudice."  *Id.*

¶ 23    Another circuit court put it more bluntly:

> [R]outinely allowing appeals from non-prejudicial dismissals would undermine Rule 54(b)'s careful limits on piecemeal appeals.  If a party's non-prejudicial dismissal of any still-pending claims could, without more, render final and appealable any earlier order disposing of other claims, litigants, not district judges, would control the timing of appeal.  Parties could agree to appeal their suit in stages, periodically dismissing all remaining claims without prejudice as they went, agreeing to reinstate them once the court of appeals weighed in on individual issues.  The resulting fragmentary appeals would burden courts and litigants, foster uncertainty, and

15

> undermine the salutary aims that Rule 54(b) and the final judgment rule promote.

*Blue*, 764 F.3d at 18; *see also Barry*, 168 F.3d at 14 ("[R]epealing *Ryan*'s rule significantly erodes Rule 54(b).").

¶ 24    Fourth, the courts have held that parties have adequate alternative options — including waiting until the final claims are resolved to take an appeal, dismissing any remaining claims with prejudice, or taking an interlocutory appeal under Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b) (2018), if appropriate — to protect their interests and provide access to appellate review.  For instance, before recently changing course on its rule, the Eleventh Circuit recognized that, although it may lead litigants to confront difficult choices about which steps to take, *Ryan*'s rule doesn't permanently deny an appeal.  *Barry*, 168 F.3d at 15-16.[3]  "Instead, what denies a party an appeal is the strategic choice an appellant makes in

---

[3] The Eleventh Circuit recently acknowledged its conflicting case law on the issue and reverted to its earliest-precedent rule — that "an order granting a motion to voluntarily dismiss the remainder of a complaint under Rule 41(a)(2) 'qualifies as a final judgment for purposes of appeal.'"  *Corley v. Long-Lewis, Inc.*, ___ F.3d ___, ___, No. 18-10474, 2020 WL 4006602, at *5 (11th Cir. July 16, 2020) (quoting *McGregor v. Bd. of Comm'rs*, 956 F.2d 1017, 1020 (11th Cir. 1992)).

attempting to craft appellate jurisdiction by dismissing, or agreeing to the opposing party's dismissing, a remaining claim without prejudice in order to appeal an adverse non-final decision over other claims." *Id.* at 16; *see also Swope*, 281 F.3d at 193 ("[T]he *Ryan* rule requiring Rule 54(b) certification to create finality will not prevent an appeal where one is warranted.").

¶ 25    Finally, the courts have recognized the bright line rule's advantages of predictability and avoiding inquiry and speculation about a party's motivations. *See, e.g.*, *Williams v. Seidenbach*, 958 F.3d 341, 357 (5th Cir. 2020) ("[T]he malleable, case-by-case approach . . . enervates § 1291 finality, and predictability, by inviting inconsistent intra-circuit outcomes."); *Swope*, 281 F.3d at 194 ("[W]e . . . reject the 'practice of combing the record for manipulative intent' since it 'waste[s] resources better spent on the merits of an appeal.'") (citation omitted).

¶ 26    In particular, making jurisdictional decisions based on whether parties "inten[ded] to manipulate . . . appellate jurisdiction," as the Ninth Circuit does, can be highly subjective and uncertain. *James*, 283 F.3d at 1070. It's not entirely clear what courts mean by "an intent to manipulate appellate

jurisdiction," as in most cases the whole point of dismissing remaining claims is to create finality and allow an immediate appeal of an earlier adverse order. But, as examples, the Ninth Circuit has found an "intent to manipulate" in circumstances where the parties stipulated that the plaintiff could reinstate the dismissed claims if the judgment was reversed on appeal, where the plaintiff refiled the dismissed claims in a new case simultaneously with taking an appeal in the first case, and where a plaintiff refused to proceed on his or her claims, prompting the court to dismiss those claims for failure to prosecute, and then used that dismissal to appeal an interlocutory procedural ruling. *See id.* at 1066-67 (summarizing cases). The bright line approach creates more certainty and predictability by avoiding the need to inquire into such facts (which may lie outside the record) or to make distinctions based on assumptions about the parties' actions and motivations.

¶ 27 Plaintiffs argue that the bright line rule is wrong, as it conflicts with United States Supreme Court precedent. But the case they cite, *United States v. Wallace & Tiernan Co.*, 336 U.S. 793 (1949), is distinguishable. In that case, the trial court dismissed an antitrust action without prejudice after denying a motion to compel discovery

that was essential for the government to prove its antitrust claims. *Id.* at 794 n.1. The Supreme Court held the government's appeal could proceed, notwithstanding that the dismissal was without prejudice, because the government hadn't sought the dismissal and because the trial court's discovery ruling had effectively concluded the case. *See id.* ("The record fails to sustain appellees' contention that the Government invited the court to enter this order denying relief and dismissing the action. That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the District Court was concerned."). It's clear from the opinion that, without the subject discovery, the government couldn't pursue its claims. Thus, the Supreme Court's ruling is consistent with the circuit decisions holding, even under the bright line approach, that where claims dismissed without prejudice can't be reasserted for other reasons, they are considered final for appellate purposes. *See, e.g., Arrow Gear*, 629 F.3d at 636-37; *Jackson*, 462 F.3d at 1238.

¶ 28    Plaintiffs also argue that they shouldn't be punished for exercising their "right to dismiss an action without question or

punishment." But plaintiffs retain the right, under C.R.C.P. 41(a)(1), to dismiss their claims before an answer or summary judgment motion is filed or at any time thereafter upon stipulation of all the parties. They simply can't use such a dismissal to create finality as to an earlier, adverse order.

¶ 29 Finally, plaintiffs argue that they should be able to opt for what they perceive as a more efficient and inexpensive resolution of their claims and issues. Plaintiffs note, correctly, that there was no guarantee they would've been permitted to take an interlocutory appeal under either C.R.C.P. 54(b) or C.A.R. 4.2. The scope of interlocutory appeals available under these rules is limited — and purposefully so. Those limitations reflect careful consideration by the General Assembly (for instance, in its enactment of section 13-4-102.1(1), which prompted the adoption of C.A.R. 4.2) and the Colorado Supreme Court Civil and Appellate Rules Committees to balance the interests of allowing interlocutory appeals in limited circumstances with the interests of maximizing judicial efficiency and minimizing piecemeal appeals.

¶ 30 The requirements for taking interlocutory appeals under the rules reflect that careful balance. *See, e.g.*, *Harding Glass*, 640

P.2d at 1127 (C.R.C.P. 54(b) requires, among other things, that an entire claim for relief be finally adjudicated, a requirement that "avoid[s] the dissipation of judicial resources through piecemeal appeals"); *Affiniti Colo.,* ¶ 12 (review under C.A.R. 4.2 requires, among other things, that "immediate review may promote a more orderly disposition or establish a final disposition of the litigation"); *see also People v. Tafoya,* 2019 CO 13, ¶ 13 (C.A.R. 21 review is "an extraordinary remedy that is limited both in its purpose and availability" but may apply, for instance, in situations where "an appellate remedy would be inadequate, . . . a party may suffer irreparable harm absent relief, . . . [or a] case[] . . . 'raise[s] issues of significant public importance that [the supreme court] ha[s] not yet considered'" (quoting *Wesp v. Everson,* 33 P.3d 191, 194 (Colo. 2001))) (citations omitted).

¶ 31 Where a case doesn't satisfy the requirements of the rules, allowing an interlocutory appeal would upset that carefully crafted balance and would thwart the legislature's and the rule committees' intent. It would also be inappropriate, in our view, given the limited statutory jurisdiction of our court.

21

¶ 32    Plaintiffs thus had five options when the trial court dismissed

some, but not all, of their claims with prejudice:

- litigate the remaining claims to finality and then proceed
  with an appeal of the entire case;

- dismiss their remaining claims with prejudice, which
  would have created a final judgment, *see Foothills
  Meadow*, 832 P.2d at 1098;

- seek certification of the dismissed claims under C.R.C.P.
  54(b), if appropriate, and, if the trial court granted the
  certification, file an appeal as to those claims;

- pursue an interlocutory appeal to this court through
  C.A.R. 4.2[4]; or

- pursue an original proceeding in the supreme court
  through C.A.R. 21.

¶ 33    We express no opinion as to whether the resolved claims and

issues would satisfy the requirements of C.R.C.P. 54(b) or C.A.R.

4.2.  We simply note that these were some of the paths available to

---

[4] To pursue this option, plaintiffs would've had to seek certification
by the trial court or submit a stipulation signed by all parties within
fourteen days of the order they wished to appeal.  C.A.R. 4.2(c).

plaintiffs for taking an interlocutory appeal, and that plaintiffs didn't attempt to pursue them before taking this appeal.

## IV. Conclusion

¶ 34    For the foregoing reasons, we conclude that plaintiffs' voluntary dismissal of their remaining claims without prejudice, following the trial court's dismissal of some claims with prejudice under C.R.C.P. 12(b)(5), did not render the action final for purposes of appeal. As a result, this court currently lacks jurisdiction to consider the appeal. *See Brody*, 897 P.2d at 777.

¶ 35    However, we will defer a ruling on defendants' motion to dismiss the appeal for thirty-five days to allow plaintiffs a chance to correct the jurisdictional defect. They may either obtain a C.R.C.P. 54(b) certification (if appropriate) or dismiss with prejudice the unadjudicated claims, if they wish to do so. If plaintiffs do not obtain and present to this court such a certification or dismissal within that time period, the appeal will be dismissed without prejudice for lack of appellate jurisdiction.

JUDGE FURMAN and JUDGE DUNN concur.