# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 11, 2009          Decided July 17, 2009

No. 08-7028

JACQUELINE T. ROBINSON-REEDER,
APPELLANT

v.

AMERICAN COUNCIL ON EDUCATION,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 07cv00880)

*Christopher Cuneo* argued the cause as *amicus curiae* in support of appellant. With him on the briefs was *Terry L. Sullivan*.

*Jacqueline T. Robinson-Reeder*, pro se, joined the briefs of *amicus curiae* and filed a statement of personal explanations.

*Christine N. Kearns* argued the cause and filed the brief for appellee. *Ellen C. Cohen* entered an appearance.

Before: TATEL, GARLAND, and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*: The district court dismissed plaintiff Jacqueline Robinson-Reeder's Title VII claims against her former employer, but permitted her to file an amended complaint to preserve her claim of defamation. On the same day she filed the amended complaint, Robinson-Reeder filed a notice of appeal from the dismissal of her Title VII claims. Subsequently, she and the defendant filed a joint stipulation dismissing the defamation claim without prejudice. Because the district court has not entered a final judgment in this case, and because no exception applies to the rule that generally limits our jurisdiction to review of final judgments, we dismiss Robinson-Reeder's appeal for lack of appellate jurisdiction.

I

Robinson-Reeder worked as an Executive Assistant at the American Council on Education (ACE) for several months in late 2006. She alleges that her superiors denied her technical assistance for a computer problem and failed to respond to her complaints about an insubordinate office assistant. Believing that a probation notice she received was unjust, Robinson-Reeder resigned her position. She subsequently experienced difficulty obtaining comparable employment.

In May 2007, Robinson-Reeder filed a pro se complaint against ACE in the United States District Court for the District of Columbia. The court construed her filings to raise five claims. The first four, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, were for: racially discriminatory treatment regarding her request for technical assistance (Claim I); racially discriminatory treatment regarding the probation notice (Claim II); retaliation for her complaints about the office assistant (Claim III); and retaliation

for having filed a charge with the Equal Employment Opportunity Commission (Claim IV).  The fifth claim, brought under the common law of the District of Columbia, alleged that ACE defamed her by giving negative references to potential employers (Claim V).  *Robinson-Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d 6, 11 (D.D.C. 2008).[1]

On January 29, 2008, the court granted ACE's motion for judgment on the pleadings as to all four Title VII claims.  *Id.* at 13-17.  At the same time, noting that Robinson-Reeder had failed to cite any independent basis for federal jurisdiction over her defamation claim, the court declined to exercise supplemental jurisdiction.  *Id.* at 18-19 (citing 28 U.S.C. § 1367(c)).  The court stated that it "will dismiss plaintiff's defamation claim if an amended complaint asserting that claim and a proper independent basis for federal jurisdiction is not filed within 20 days."  *Id.* at 19; *see Robinson-Reeder v. Am. Council on Educ.*, No. 07-0880, Order at 1 (D.D.C. Jan. 29, 2008) (same).  Later that day, the court clarified that any amended pleadings would be due by February 19, 2008. *Robinson-Reeder v. Am. Council on Educ.*, No. 07-0880, Set/Reset Deadlines Notice (D.D.C. Jan. 29, 2008).

Within the time period specified by the court, Robinson-Reeder filed an amended complaint that reasserted her defamation claim and invoked the court's diversity-of-citizenship jurisdiction.  *See* Am. Compl. at 1 (J.A. 74) (citing 28 U.S.C. § 1332).  The same day, she filed a notice of appeal

---

[1]On appeal, Robinson-Reeder disputes the district court's characterization of her complaint, contending that she raised only one Title VII claim (the claim described as Claim II above), along with her defamation claim (Claim V).  As this dispute has no consequence for our jurisdictional analysis, we adopt the district court's characterization for purposes of explication.

from the January 29 order. On February 29, ACE filed in the district court a motion to dismiss the amended complaint on the ground, among others, that it failed to state a claim for defamation upon which relief could be granted. Robinson-Reeder did not oppose the motion to dismiss, and the district court did not rule on it. Instead, on March 28, 2008, the parties (with Robinson-Reeder then represented by counsel) filed a joint stipulation, stating that "the remaining cause of action in the within action is dismissed without prejudice." Stipulation of Dismissal (J.A. 95).

Robinson-Reeder, now again proceeding pro se, seeks review of the district court's dismissal of Claim II of her initial complaint. ACE has filed a motion to dismiss the appeal for lack of appellate jurisdiction. This court appointed amicus curiae to present arguments in favor of Robinson-Reeder's position, and she has indicated that she joins the briefs that amicus filed.[2] Because we conclude that we lack jurisdiction, we do not reach the merits of Robinson-Reeder's appeal.

II

The jurisdiction of a court of appeals is generally limited to appeals from "final decisions" of the district courts. 28 U.S.C. § 1291; *see Cunningham v. Hamilton County*, 527 U.S. 198, 203 (1999). "In accord with . . . historical understanding," the Supreme Court has "repeatedly interpreted § 1291 to mean that an appeal ordinarily will not lie until after final judgment has been entered in a case." *Cunningham*, 527 U.S. at 203.[3] As the

---

[2]Robinson-Reeder has also submitted a separate statement of personal explanations.

[3]Under the collateral order doctrine, the Court has "interpreted the term 'final decision' in § 1291 to permit jurisdiction over appeals from

Court has explained, "the final judgment rule serves several salutary purposes:"

> It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. The rule also serves the important purpose of promoting efficient judicial administration.

*Id.* at 203-04 (alteration in original) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). "Consistent with these purposes," the Court has held that "a decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* at 204 (internal quotation marks omitted).

---

a small category of orders that do not terminate the litigation," a category that "includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Cunningham*, 527 U.S. at 204. In addition, 28 U.S.C. § 1292 permits appeals from a limited set of interlocutory decisions. Robinson-Reeder's appeal does not fall under either of these rubrics, and she does not contend that it does.

The finality of a decision in a case involving multiple claims is governed in part by Federal Rule of Civil Procedure 54(b), which specifies that a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). "Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." *Id.*; *see Cambridge Holdings Group, Inc. v. Fed. Ins. Co.*, 489 F.3d 1356, 1359 (D.C. Cir. 2007).

As amicus acknowledged at oral argument, there was no final judgment from which Robinson-Reeder could have appealed at the time she filed a notice of appeal in this court on February 19, 2008. Oral Arg. Recording at 5:10-15.[4] The district court's January 29, 2008, order had dismissed her Title VII claims on the pleadings, but it had not dismissed her defamation claim. Rather, the court stated that it "*will* dismiss plaintiff's defamation claim *if* an amended complaint asserting that claim and a proper independent basis for federal jurisdiction is not filed within 20 days." *Robinson-Reeder*, 532 F. Supp. 2d at 19 (emphases added). The court further suggested that "diversity of citizenship" could provide such an independent jurisdictional basis. *Id.* The court thus made clear that it had not dismissed Robinson-Reeder's defamation claim, and that it would do so only if she failed to file an appropriately amended complaint. Nor did the district court make the "express[]

---

[4]Although the amicus brief maintained that the district court intended its January 29 order to dismiss the entire action, Amicus Curiae Br. 11, counsel acknowledged at oral argument that the court's treatment of the defamation claim makes clear this was not so. Oral Arg. Recording at 5:10-15.

determin[ation] [of] no just reason for delay" authorized by Rule 54(b).  FED. R. CIV. P. 54(b).

Notwithstanding the absence of a final judgment on the day she filed her notice of appeal, Robinson-Reeder argues that we have jurisdiction as a consequence of Federal Rule of Appellate Procedure 4(a)(2).  Rule 4(a)(2) provides that "[a] notice of appeal filed after the court announces a decision or order -- but before the entry of the judgment or order -- is treated as filed on the date of and after the entry."  FED. R. APP. P. 4(a)(2).  As construed by the Supreme Court in *FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.*, this rule "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment."  498 U.S. 269, 276 (1991).  The key point for our purposes, however, is that for Rule 4(a)(2) to apply, "[t]here must at some point prior to consideration of the appeal actually have been a final appealable judgment of some sort entered; Rule 4(a)(2) by its terms makes a premature notice effective 'on the date of and after the entry [of judgment].'"  *Outlaw v. Airtech Air Conditioning & Heating, Inc.*, 412 F.3d 156, 162 (D.C. Cir. 2005) (alteration in original) (quoting FED. R. APP. P. 4(a)(2)); *see FirsTier*, 498 U.S. at 275 ("Under Rule 4(a)(2), a premature notice of appeal does not ripen until judgment is entered.").

The next question, then, is whether the district court ever entered a final judgment in this case.  Robinson-Reeder makes three arguments in support of her contention that it did.  First, she argues that the "dismissal of the remaining defamation claim became self-actuating when the condition[] for dismissal occurred."  Amicus Curiae Br. 13.  That condition, she maintains, was the failure to file an amended complaint stating a proper defamation claim and a proper independent basis for

jurisdiction. Because the district court never ruled that her claim and jurisdictional basis were proper, she insists that the court's condition for dismissing the complaint was satisfied. *Id.* at 13-14.

This argument simply misreads the district court's January 29 order. In that order, the court indicated that it would dismiss Robinson-Reeder's defamation claim if she failed to file "an amended complaint *asserting* that claim and a proper independent basis for federal jurisdiction" within the specified time period. *Robinson-Reeder*, 532 F. Supp. 2d at 19 (emphasis added). She did file such a complaint, however, asserting both defamation and diversity of citizenship -- the independent jurisdictional basis the court itself had suggested. *See id.* Of course, if the district court had determined that these assertions were improper, dismissal would have followed. But there is no ground for reading the court's order as suggesting that an amended complaint would be dismissed in the absence of such a determination.

Second, Robinson-Reeder argues that, following the parties' stipulation to dismissal of the defamation claim without prejudice, the district court dismissed not just that claim but the entire action. And she points out that, in *Ciralsky v. CIA*, we held that a district court's dismissal of an entire action is a final appealable judgment, whether or not the dismissal was with prejudice. 355 F.3d 661, 666 (D.C. Cir. 2004). *Ciralsky* is not relevant here, however, because the district court did not dismiss Robinson-Reeder's action. The parties themselves did not indicate that they wanted the *action* dismissed, stipulating only "that the remaining *cause of action in the within action* is dismissed without prejudice." Stipulation of Dismissal (J.A. 95) (emphasis added). More important, the *court* did not dismiss anything at all. Although the clerk of the court evidently marked the electronic docket "terminated" on March 31, 2008,

there is no indication that the court itself ever issued a terminating order. *Cf. Murray v. Gilmore*, 406 F.3d 708, 712 (D.C. Cir. 2005) ("Had the court intended to dismiss the *action*, it would have done more than just remove the case from its active calendar; it might, for example, have designated the 2002 order as 'final and appealable,' as did the *Ciralsky* district court . . . ."). Indeed, well after the date of "termination," Robinson-Reeder filed -- and the court resolved -- several more motions. *See* Civil Docket for Case #: 1:07-cv-00880-JDB (J.A. 6-7).

Third, Robinson-Reeder argues that, even if the district court did not dismiss the entire action, the voluntary dismissal of the only remaining (defamation) claim was sufficient to permit appeal of those (Title VII) claims that the court did adjudicate. There is little doubt that this would be so had the remaining claim been dismissed *with* prejudice.[5] But the circuits, and even cases within individual circuits, are divided over whether voluntary dismissal without prejudice of unresolved claims can suffice to make a district court's judgment final -- and, if so, under what circumstances.[6] In

---

[5]*See, e.g.*, *Helm Fin. Corp. v. MNVA R.R., Inc.*, 212 F.3d 1076, 1080 (8th Cir. 2000); *JTC Petroleum Co. v. Piasa Motor Fuels, Inc.*, 190 F.3d 775, 776-77 (7th Cir. 1999); *State Treasurer v. Barry*, 168 F.3d 8, 15 (11th Cir. 1999); *Chappelle v. Beacon Commc'ns Corp.*, 84 F.3d 652, 653-54 (2d Cir. 1996); *Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mut. of Ohio*, 982 F.2d 1031, 1034 (6th Cir. 1993); *Cheng v. Comm'r of Internal Revenue Serv.*, 878 F.2d 306, 311 (9th Cir. 1989).

[6]*See Doe v United States*, 513 F.3d 1348, 1352-53 (Fed. Cir. 2008) (collecting cases); *JTC Petroleum Co.*, 190 F.3d at 776 (same); *see also, e.g.*, *LNC Invs. LLC v. Republic Nicaragua*, 396 F.3d 342, 346 (3d Cir. 2005) (holding as a general rule that voluntary dismissal of a remaining claim without prejudice does not satisfy § 1291's finality requirement, but recognizing an exception where such a claim

addition, while some courts hold that voluntary dismissal of unresolved claims without prejudice permits review of adjudicated claims if the district court approves the dismissal and enters judgment, *see, e.g.*, *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070 (9th Cir. 2002) (also requiring that "the record reveal[] no evidence of intent to manipulate . . . appellate jurisdiction"), others hold that even entry of a court order is insufficient to permit review in such circumstances, *see, e.g.*, *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210-11 (2d Cir. 2005).

To date, this court has nibbled around the edges of this issue. In *Ciralsky*, we held that, although "courts often regard the dismissal without prejudice of a *complaint* as not final, and thus not appealable," the (involuntary) dismissal of an *action* by a court -- "whether with or without prejudice -- is final and appealable." 355 F.3d at 666 (internal quotation mark omitted). In *Murray v. Gilmore*, we held that a district court order granting summary judgment on some claims but dismissing the remaining claim "without prejudice subject to reconsideration" was not a dismissal of the action and was not final and appealable. 406 F.3d at 712-13. And in *Outlaw v. Airtech Air Conditioning & Heating, Inc.*, we held that a court order, dismissing a plaintiff's "remaining claims without prejudice in an effort to cure the lack of an appealable order" with respect to the adjudicated claims, represented a final appealable judgment. 412 F.3d at 158; *see id.* at 162.

Today, we continue to do no more than nibble because we can resolve the question of our appellate jurisdiction without taking a bigger bite. In this case, there was no court order

is "'effectively barred' because the statute of limitations on that claim ha[s] lapsed").

dismissing the remaining claim;[7] rather, dismissal was accomplished by stipulation of the parties alone pursuant to Federal Rule of Civil Procedure 41(a)(1). *Compare* FED. R. CIV. P. 41(a)(1) (providing for dismissal "without a court order by filing . . . a stipulation of dismissal signed by all parties"), *with id.* 41(a)(2) (providing for dismissal "by court order"). As noted above, Rule 54(b) states: "[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." FED. R. CIV. P. 54(b). Here, the district court adjudicated fewer than all the claims: it dismissed only the Title VII claims, and never ruled on the amended defamation claim. All we have is the parties' stipulation, which cannot substitute for a court order under the Rule. Moreover, the court never determined -- "expressly" or otherwise -- that there was "no just reason for delay." *Id.* Accordingly, it remains the case that the dismissal of the Title VII claims "does not end the action as to any of the claims," *id.*, and hence is not an appealable "final decision" under 28 U.S.C. § 1291. *Cf. Blackman v. District of Columbia*, 456 F.3d 167, 174-75 & n.9 (D.C. Cir. 2006) (holding that orders that "do not dispose of all the claims of all of the parties" are nonfinal and nonappealable in the absence of an express determination that there is no just reason for delay).

---

[7]Nor has Robinson-Reeder suggested that the voluntary dismissal of her defamation claim was effectively "final because [she] could not refile it due to a lapsed statute of limitations" or any other analogous constraint. *Murray*, 406 F.3d at 712; *see Ciralsky*, 355 F.3d at 666 n.1; *LNC Invs. LLC*, 396 F.3d at 346.

Were we to permit the parties' dismissal without prejudice to generate an appealable judgment, we would effectively transfer to the litigants the "dispatcher" function that Rule 54(b) vests in the district court. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (explaining that under Rule 54(b), "the District Court is used as a 'dispatcher' . . . to determine, in the first instance, the appropriate time when each 'final decision' upon 'one or more but [fewer] than all' of the claims in a multiple claims action is ready for appeal"). There would then be nothing to prevent two parties who have received a decision on only one of several claims, but who would like the views of the appellate court on the decided claim before proceeding to trial on the remaining claims, from obtaining review simply by dismissing the remaining claims without prejudice. At least in the absence of a statute-of-limitations or comparable problem, *see supra* notes 6 & 7, those voluntarily dismissed claims could thereafter be reinstated and the litigation recommenced. Not only would this weaken the policy against "piecemeal appeals" in general, but it would also "undermine the independence of the district judge, as well as the special role that individual plays in our judicial system." *Cunningham*, 527 U.S. at 203 (quoting *Firestone Tire & Rubber Co.*, 449 U.S. at 374).

Robinson-Reeder worries that, "[i]f the dismissal without prejudice of [her] defamation claim [is found to preclude] the finality of the decision below, she will *never* have a chance to appeal the ruling on her finally dismissed Title VII claim." Amicus Curiae Br. 22. But that conclusion simply does not follow, as there are several steps Robinson-Reeder can take, which, if successful, will clearly create a final appealable judgment. She can: (1) obtain a Rule 54(b) determination from the district court; (2) secure dismissal of her defamation claim with prejudice; or (3) move that the district court adjudicate her

defamation claim and then enter final judgment.[8] Whether there are other steps as well is a question we need not decide today, but there is no cause for concern that Robinson-Reeder will be denied an opportunity to appeal once the district court enters a final judgment in her case.

## III

For the foregoing reasons, we dismiss this appeal for lack of appellate jurisdiction.

*So ordered.*

---

[8]The third option is complicated, but not eliminated, by the fact that Robinson-Reeder has also filed her defamation claim as part of a free-standing lawsuit in the Superior Court of the District of Columbia.