# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued May 9, 2014         Decided August 29, 2014

No. 12-7122

AYANNA BLUE,
APPELLANT

v.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-01504)

*Natalie A. Baughman* argued the cause for appellant. With her on the briefs was *Scott D. Gilbert*. *Mark A. Packman* entered an appearance.

*Carl J. Schifferle*, Assistant Attorney General, Office of the Attorney General for the District of Columbia, argued the cause for appellees. With him on the brief were *Irvin B. Nathan*, Attorney General, *Todd S. Kim*, Solicitor General, and *Loren L. AliKhan*, Deputy Solicitor General.

Before: GARLAND, *Chief Judge*, and SRINIVASAN and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* PILLARD.

PILLARD, *Circuit Judge*: Robert Weismiller, a 57-year-old teacher at a public high school for emotionally disturbed teens, started a sexual relationship with his 18-year-old student, Ayanna Blue, in the fall of 2008. Weismiller had been fired repeatedly from other area schools for inappropriate sexual contact with students, yet the District of Columbia hired him to teach emotionally vulnerable youths. In the chaotic and poorly supervised school at which he taught, Weismiller preyed on Blue, and within five months she was pregnant with his child. Blue sued Weismiller and the District of Columbia for damages from violations of her constitutional, statutory, and common-law rights arising out of Weismiller's actions.[1]

In this appeal, Blue now seeks review of the district court's order granting the District's motion to dismiss. Blue's appeal is premature, however, because this case lacks a final judgment within the meaning of 28 U.S.C. § 1291, and no exception to that rule applies. Accordingly, we dismiss for lack of appellate jurisdiction.

---

[1] The facts recited here are from the Second Amended Complaint, and are taken as true on appeal from a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). For simplicity we refer to the three municipal defendants collectively as the District. Blue also sued the District of Columbia Public Schools (DCPS) and former DCPS Chancellor Michelle Rhee, but the district court held that Rhee and DCPS are improper or redundant defendants, and Blue does not appeal that aspect of the district court's decision.

**I.**

The District of Columbia created the Transition Academy at Shadd (Shadd) as a special school for emotionally disturbed students. But the school was under-resourced and poorly run, with uncertified teachers, inadequate classrooms, and a lack of supervision and control so pervasive it was described as "unsafe for any student." Education experts and District political leaders described the school as an "extreme disappointment," a "failure," and a "disaster." Into this precarious setting the District hired Robert Weismiller, a man with a record of unlawful sexual contact with children at area schools. Before he joined the Shadd faculty, Weismiller had moved from school to school in the Washington D.C. area (the complaint lists nine different schools over more than three decades), had unlawful sexual relationships with at least four of his students, and was repeatedly fired for misconduct.

Ayanna Blue was a student at Shadd in the fall of 2008. While Blue was enrolled in Weismiller's class, he began to make sexual advances toward her. He told her, "If I were 30 years younger, I would marry you." He flirted with her, gave her his personal phone number, called her at home, and frequently drove her home from school in his car. Faculty and staff observed Weismiller spending time alone with Blue in the classroom almost every day, sometimes with the lights off. Weismiller had intercourse with Blue in the classroom and in his car. It was an open secret at Shadd that Weismiller and Blue were having sex.

Shadd personnel knew that Weismiller's conduct toward Blue was inappropriate. Several Shadd employees remarked on how much time the two spent alone together. Rumors spread that they were having sex. An aide reports that he told Weismiller not to allow Blue in his classroom when the aide

was there; another opined that he would not let an emotionally disturbed young woman spend so much time alone with a male teacher who was not her counselor. A teacher sought to "investigate" by going into Weismiller's classroom at lunch a few times in an effort to observe the two together, but apparently took no further steps. In December 2008, Blue told school personnel that she thought she was pregnant. They sent her to the school's health office for a pregnancy test. That test result was negative, but only a few months later, by early 2009, Blue was pregnant. The District investigated, found no reason to conclude that Weismiller had done anything wrong, and declined to fire or discipline him.

Blue sued the District and Weismiller for compensatory and punitive damages arising out of the school's and Weismiller's treatment of her. Against the District she raised claims for negligent hiring and retention, and violation of her right to freedom from sex discrimination in education under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. Against both the District and Weismiller she claimed violations of her constitutional right to equal protection and bodily integrity under 42 U.S.C. § 1983, and breach of fiduciary duty and intentional infliction of emotional distress in violation of District of Columbia law.

The District, but not Weismiller, moved to dismiss, and the district court granted that motion, dismissing Blue's claims. *Blue v. Dist. of Columbia*, 850 F. Supp. 2d 16, 38 (D.D.C. 2012). Blue's Section 1983 claims failed for want of factual allegations that her harms resulted from a District custom, policy, or practice, *id.* at 23-31 (relying on *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)), and the Title IX claims foundered on the absence of allegations that an appropriate District official had actual knowledge of Weismiller's conduct, *id.* at 31-36. Blue's claims against the

District for violations of District of Columbia law failed because Blue did not comply with the District of Columbia's sovereign immunity waiver statute, D.C. Code § 12-309, which requires that suits against the District be preceded by advance written notice to the Mayor, which Blue failed to provide.[2]

Following the district court's order dismissing claims against the District, Blue moved that court to enter final judgment against the District pursuant to Federal Rule of Civil Procedure 54(b). The court declined to do so while the claims against Weismiller remained unresolved because, according to the district court, "the issues [raised by the legal claims against each defendant] are largely intertwined and could thus result in piecemeal appeals." J.A. 60.

Seven months later, Blue entered a joint stipulation of dismissal with Weismiller under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), agreeing that "this action shall be dismissed without prejudice, subject to a tolling agreement entered between the Parties." J.A. 61-62. The docket reflects a Minute Order entered the same day that reads: "Pursuant to the parties' joint stipulation of Dismissal, the Court ORDERS that the case against Defendant Weismiller is DISMISSED WITHOUT PREJUDICE." J.A. 8.

Blue now appeals the district court's order dismissing her claims against the District.

---

[2] Blue relied on the DCPS investigative report into Weismiller's conduct, which she argued gave District officials actual notice of her claims, but the district court held that the report did not suffice under the District of Columbia courts' precedents requiring that the District's sovereign immunity waiver be strictly interpreted. *Blue*, 850 F. Supp. 2d at 36-38.

## II.

In order to establish that we have jurisdiction over her appeal, Blue must show that she appeals from a final order of the district court. Our appellate jurisdiction under 28 U.S.C. § 1291 is generally limited to review of "final decisions." A decision is not final unless it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). The final judgment rule means that "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). The rule serves the policy of the federal courts, dating from the Judiciary Act of 1789, disfavoring piecemeal appellate review. That policy protects the district court's independence, prevents multiple, costly, and harassing appeals, and advances efficient judicial administration. *See Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 203-04 (1999). The district court here has not denominated any order in this case as final and appealable.

The difficulty for Blue is that she has not appealed her claims against both defendants, but only the order dismissing her claims against the District, while she relies on a voluntary dismissal and tolling agreement to hold her claims against Weismiller for later resolution. The finality of any order, like Blue's, that adjudicates fewer than all of the claims, or claims against fewer than all of the parties, is determined by Federal Rule of Civil Procedure 54(b). According to that Rule:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be

revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under the terms of Rule 54(b), the order from which Blue seeks to appeal is non-final and so non-appealable because it did not adjudicate the claims against Weismiller.

Rule 54(b) has two exceptions of potential relevance here. First, if the district court finds that there is no reason for delay and that entry of final judgment is warranted, it may enter final judgment on fewer than all the claims. Second, if the plaintiff voluntarily dismisses the remaining claims, she can in some circumstances thereby finalize the district court proceedings for purposes of appeal. We consider in turn each of these exceptions as they relate to Blue's appeal.

## A.

The district court has authority under Rule 54(b) to "direct entry of a final judgment" as to less than the entire case by making an express determination "that there is no just reason for delay" in entering an appealable order as to some of the claims or parties. Fed. R. Civ. P. 54(b). That exception enables the district court to "meet the demonstrated need for flexibility" in providing for appellate review in complex cases, by acting as a "dispatcher . . . permitted to determine, in the first instance, the appropriate time when each final decision upon one or more but less than all of the claims in a multiple claims action is ready for appeal." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (internal quotation marks omitted). The Rule thus creates an avenue by which a district court may expressly authorize an appeal from an order

disposing of part of a case "without waiting for final decisions to be rendered on all claims in the case." *Id.*

That exception is unavailable to Blue here, however, because the district court expressly denied her motion for entry of final judgment under Rule 54(b), in view of the then-pending, related claims against Weismiller. Blue has since stipulated to dismiss the claims against Weismiller, and she now points to that stipulation in support of her contention that judgment is final. The joint stipulation of dismissal with Weismiller was sufficient to finalize proceedings in the district court, she urges, because she voluntarily dismissed the "entire action" against him, rather than "only a complaint" or a "single claim." Appellant Br. at 14-18; Appellant Reply Br. at 5-7. But Blue does not now seek to appeal any dismissal of "the entire action," nor could she, as the claims against Weismiller have not been decided. And Blue concedes that the district court has not revisited its earlier denial of final judgment as to the order dismissing the claims against the District that is under appeal, *see* Oral Arg. Rec. at 10:55-11:30, nor has she moved it to do so. The district court's denial of Blue's motion for final judgment remains the court's last word on Blue's claims against the District despite Blue's subsequent voluntary dismissal, so the order from which Blue appeals is not final and appealable.

**B.**

The second exception is also unavailable to Blue, because her stipulation of voluntary dismissal does not suffice to finalize the order she seeks to appeal. The dismissal was party-initiated, without prejudice, and subject to a confidential

settlement agreement with a tolling provision.[3]   Such a dismissal does not create a single, final disposition for appellate review because it does not merge the claims thereby dismissed into the court's earlier order.  It accordingly fails to provide the requisite assurance that the trial court proceedings were complete and will not result in multiple, piecemeal appeals.  As noted, the record fails to show that the district court ever took the steps Rule 54(b) requires. The district court neither (1) found that there is no reason for delay of appeal of the claims against the District nor (2) directed entry of judgment separately on those claims.   The voluntary dismissal does nothing to cure that defect.

Every circuit permits a plaintiff, in at least some circumstances, voluntarily to dismiss remaining claims or

---

[3]   The parties filed their stipulation "pursuant to Rule 41(a)(1)(A)(ii)," but that subpart limits voluntary dismissal—once the opposing party has answered, as Weismiller had—to cases in which the plaintiff files a stipulation of dismissal "signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii).  The District had appeared, yet did not sign the stipulation.   Blue alternatively contends that, even if her failure to get the District defendants' signatures made her ineligible for a Rule 41 voluntary dismissal under subsection (a)(1), the voluntary dismissal was nonetheless effective under subsection (a)(2).   That provision empowers a court to permit a voluntary dismissal "by court order," on "terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2). Blue characterizes the Minute Order as a Rule 41(a)(2) court order authorizing her voluntary dismissal, but there is no indication that the district court meant it as such.  It is thus unclear both whether the incompletely signed stipulation was valid under Rule 41(a)(1) and whether the court meant to approve dismissal under Rule 41(a)(2).  Because it is immaterial whether the dismissal in this case was pursuant to Rule 41(a)(1) or Rule 41(a)(2), we need not resolve these Rule 41 issues.

remaining parties from an action as a way to conclude the whole case in the district court and ready it for appeal. In order to thus produce an appealable final order, however, a voluntary dismissal typically must be made with prejudice. In *Robinson-Reeder v. American Council on Education*, for example, where we lacked jurisdiction over an appeal as to Title VII claims because related defamation claims had been dismissed only without prejudice, we noted that "[t]here is little doubt" that the Title VII claims would have been appealable "had the remaining claim been dismissed *with* prejudice." 571 F.3d 1333, 1338 (D.C. Cir. 2009). Other circuits, too, treat voluntary dismissals of all remaining claims as sufficient to finalize a district court order for review when those dismissals are made with prejudice. *See John's Insulation, Inc. v. L. Addison & Assocs., Inc.*, 156 F.3d 101, 107 (1st Cir. 1998); *Ali v. Fed. Ins. Co.*, 719 F.3d 83, 89-90 (2d Cir. 2013); *Trevino-Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878 (3d Cir. 1990); *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 153 & n.2 (4th Cir. 2009); *Marshall v. Kan. City S. Ry. Co.*, 378 F.3d 495, 500 (5th Cir. 2004); *Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mut. of Ohio*, 982 F.2d 1031, 1034 (6th Cir. 1993); *West v. Macht*, 197 F.3d 1185, 1188 (7th Cir. 1999); *Helm Fin. Corp. v. MNVA R.R.*, 212 F.3d 1076, 1080 (8th Cir. 2000); *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 750 (9th Cir. 2008); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1288 (10th Cir. 2001); *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1356 (11th Cir. 2008).

Where the voluntary dismissal is without prejudice to refiling the dismissed claims, as was Blue's stipulation here, there is no similarly universal consensus. Some circuits allow dismissals without prejudice to finalize trial court proceedings for appellate review at least some of the time. *See, e.g.*,

*James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070 (9th Cir. 2002); *Mo. ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). Every circuit, however, appears to acknowledge a presumption against that practice. *See Robinson-Reeder*, 571 F.3d at 1338-39 & n.6; *see also Scanlon v. M.V. SUPER SERVANT 3*, 429 F.3d 6, 8 (1st Cir. 2005); *Ali*, 719 F.3d at 88; *Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 438 (3d Cir. 2003); *Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local 27*, 728 F.3d 354, 359 (4th Cir. 2013); *Swope v. Columbian Chems. Co.*, 281 F.3d 185, 192 (5th Cir. 2002); *Laczay v. Ross Adhesives*, 855 F.2d 351, 354 (6th Cir. 1988); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003); *Helm Fin. Corp.*, 212 F.3d at 1080; *Romoland Sch. Dist.*, 548 F.3d at 748; *Jackson v. Volvo Trucks N. Am., Inc.*, 462 F.3d 1234, 1238 (10th Cir. 2006); *State Treasurer v. Barry*, 168 F.3d 8, 14-16 (11th Cir. 1999); 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3914.8, at 623-24 (2d ed. 1992) (endorsing a rule that would require plaintiffs to fully abandon their remaining claims in exchange for the right of immediate appeal).

In keeping with that broad consensus, our circuit treats voluntary but non-prejudicial dismissals of remaining claims as generally insufficient to render final and appealable a prior order disposing of only part of the case. *See Robinson-Reeder*, 571 F.3d at 1338-40. In *Robinson-Reeder*, we found insufficient the plaintiff's effort to finalize for appeal the district court's dismissal of her Title VII claim because her stipulated dismissal of her other claim was without prejudice. *Id.* at 1335-36. We held that we lacked jurisdiction over that appeal because dismissal of the "only remaining . . . claim" was insufficient "to permit appeal of those . . . claims that the court did adjudicate." *Id.* at 1338-40.

The purpose of Rule 54(b) is to prevent parties from taking over the "dispatcher" function that the Rule vests in the trial judge to control the circumstances and timing of the entry of final judgment. *Id.* at 1340 (citing *Sears, Roebuck & Co.*, 351 U.S. at 435). Rule 54(b) empowers the district judge to balance the benefits of quick review of an order disposing of part of a case against the risks of multiple appeals. The judge, not the parties, is meant to be the dispatcher who controls the circumstances and timing of the entry of final judgment. *See id.* We have declined to treat dismissals without prejudice as finalizing trial court proceedings for appellate review because routinely allowing appeals from non-prejudicial dismissals would undermine Rule 54(b)'s careful limits on piecemeal appeals. If a party's non-prejudicial dismissal of any still-pending claims could, without more, render final and appealable any earlier order disposing of other claims, litigants, not district judges, would control the timing of appeal. Parties could agree to appeal their suit in stages, periodically dismissing all remaining claims without prejudice as they went, agreeing to reinstate them once the court of appeals weighed in on individual issues. The resulting fragmentary appeals would burden courts and litigants, foster uncertainty, and undermine the salutary aims that Rule 54(b) and the final judgment rule promote.

Blue counters that, at least in some circumstances, dismissal without prejudice can render a district court order final and appealable. But Blue invokes cases of court-ordered, involuntary dismissal, not the party-initiated voluntary dismissal at issue here. *See, e.g.*, *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1 (1949); *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004). Involuntary dismissal, even when it is without prejudice, unlike party-initiated voluntary dismissal, does not threaten

the role of the district court as gatekeeper for the court of appeals. A court's order of involuntary dismissal does not risk empowering parties to take over the district court's "dispatcher function" and can therefore be treated as final and appealable consistent with Rule 54(b).

The fact that Blue's two groups of claims are against two different defendants does not mean that they should be treated differently from the distinct claims in *Robinson-Reeder*, all of which ran against the same defendant. The language and purposes of Rule 54(b) and *Robinson-Reeder* do not support any such distinction. Rule 54(b) was amended in 1961 to treat dismissals of fewer than all claims and fewer than all parties identically. *See* Fed. R. Civ. P. 54(b) advisory committee's note to 1961 Amendment. The amendment reflects the reality that the values of Rule 54(b) are equally applicable in both situations. *See Shirey v. Bensalem Twp.*, 663 F.2d 472, 475 (3d Cir. 1981). Non-prejudicial dismissals of remaining parties, like non-prejudicial dismissals of remaining claims, could be used to generate overlapping lawsuits, piecemeal appeals, and splintered and harassing litigation. In each situation, it is equally important to avoid opportunities for party manipulation and wasteful litigation while empowering the district court, in appropriate circumstances, to authorize immediate review of orders disposing of only part of a case.

Blue contends that, even if the joint stipulation of dismissal were alone insufficient to finalize the case for appeal, the district court's entry of a Minute Order distinguishes this case from *Robinson-Reeder*. But the Minute Order appears to have been a ministerial acknowledgement of the parties' joint stipulation and Blue's attendant motion for voluntary dismissal. A district court must grant a motion for voluntary dismissal unless it finds

"that dismissal will inflict clear legal prejudice on a defendant." *Kellmer v. Raines*, 674 F.3d 848, 851 (D.C. Cir. 2012) (quoting *Conafay v. Wyeth Labs.*, 841 F.2d 417, 419 (D.C. Cir. 1988)). Because dismissal of claims against a defendant rarely prejudices that party, the grant of a voluntary dismissal is virtually automatic. There is thus no reason in law nor in the record in this case to conclude that the district court's Minute Order was an affirmative finality determination intended to satisfy the requirements of Rule 54(b).

\* \* \*

Blue will be able to obtain appellate review of the district court's dismissal of her claims against the District, but first she will have to obtain a final judgment from the district court. She might do so by asking the district court to reconsider its decision to deny her motion to enter judgment against the District pursuant to Rule 54(b) and expressly certify that there is no just reason for delay of Blue's appeal of that dismissal. Alternatively, she might reinstate her claims against Weismiller by filing a Rule 15 motion to amend her complaint and litigate them to a final disposition, dismiss those claims with prejudice, or otherwise resolve them in a manner that satisfies the district court that entry of final judgment is warranted.

Because we conclude that there is no final judgment within the meaning of 28 U.S.C. § 1291, we dismiss this appeal for lack of appellate jurisdiction.

*So ordered.*