*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-CV-0760

ALEXA MOORE, APPELLANT,

v.

DISTRICT OF COLUMBIA, *et al*., APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(2021-CA-003834-B)

(Hon. Heidi M. Pasichow, Motions Judge)

(Argued March 6, 2024                    Decided April 2, 2026)

*Arnold J. Abraham*, with whom *Eric J. Menhart* was on the brief, for appellant.

*Stacy L. Anderson*, Senior Assistant Attorney General, with whom *Brian L. Schwalb*, Attorney General for the District of Columbia, *Caroline S. Van Zile*, Solicitor General, *Ashwin P. Phatak*, Principal Deputy Solicitor General, *Thais-Lyn Trayer*, Deputy Solicitor General, *Richard B. Raile*, and *Elizabeth A. Scully* were on the brief, for appellees.

Before BECKWITH, EASTERLY, and MCLEESE, *Associate Judges*.

BECKWITH, *Associate Judge*: Alexa Moore filed a putative class action complaint against the District of Columbia and multiple private contractors.  After the trial court granted the District's motion to dismiss, Ms. Moore dismissed without

prejudice her claims against the remaining private contractors and appealed the trial court's order. By declining to dismiss her claims against the private contractors with prejudice, Ms. Moore has maintained her ability to reinstate those claims, thus making this appeal interlocutory and depriving us of jurisdiction. We therefore dismiss the appeal.

## I.

Following a data breach against the Metropolitan Police Department (MPD) that revealed hundreds if not thousands of employees' sensitive information, Ms. Moore—an MPD police officer—filed a putative class action complaint against the District of Columbia, MPD, the Office of the Chief Technology Officer for the District of Columbia, and several technology contractors, alleging that the defendants had failed to safeguard her and other employees' sensitive data. After the complaint and amended complaint were filed, the list of defendants in the lawsuit dwindled. First, Ms. Moore voluntarily dismissed without prejudice her claims against two of the private contractors, leaving the government defendants and three remaining contractors. Next, the trial court granted the District's motion to dismiss, concluding that MPD and the Chief Technology Officer were unincorporated government bodies that could not be sued in their own right and that Ms. Moore's remaining claims against the District were barred by sovereign immunity. Finally, after moving for reconsideration of the court's dismissal of the claims against the

District, Ms. Moore voluntarily dismissed without prejudice her claims against one of the private contractor defendants and asked the trial court to close her case. The trial court denied her motion for reconsideration but agreed to close the case, and Ms. Moore appealed the court's grant of the District's motion to dismiss and the denial of her request for reconsideration of that ruling.

A motions panel of this court granted the District's motion to dismiss the appeal "as taken from a non-final, non-appealable order" because the "order on appeal did not dismiss two of the named defendants in the action before closing the case at appellant's request, and appellant had not filed a notice dismissing the two remaining defendants prior to requesting the case be closed." The motions panel invited Ms. Moore to "file a motion to reinstate this appeal after filing the necessary notices in Superior Court." After receiving notice from Ms. Moore that she had dismissed without prejudice the two remaining private contractor defendants, the motions panel granted Ms. Moore's motion to reinstate this appeal and ordered the District to brief its "argument that, even after the dismissal of the remaining parties below, this appeal still must be dismissed as taken from a non-final, non-appealable order."

## II.

This court's jurisdiction to hear appeals from the Superior Court is generally

limited to final orders. *Geraci v. Hamilton*, 351 A.3d 24, 28 (D.C. 2026) (citing D.C. Code § 11-721(a)). A final order is "one that resolves the case on its merits 'so that the court has nothing remaining to do but to execute the judgment or decree already rendered.'" *McNair Builders, Inc. v. Taylor*, 3 A.3d 1132, 1135 (D.C. 2010) (quoting *In re Est. of Chuong*, 623 A.2d 1154, 1157 (D.C. 1993) (en banc)). When applying the finality rule, our cases have been clear: Orders are appealable only when they are final as to all parties, all issues, and all causes of action involved. *L.A.W. v. M.E.*, 606 A.2d 160, 161 (D.C. 1992) (citing *District of Columbia v. Davis*, 386 A.2d 1195, 1198 (D.C. 1978)).

Ms. Moore argues that even though her claims against two private contractor defendants remained pending in Superior Court at the time she filed her appeal, we have jurisdiction to review the trial court's grant of the District's motion to dismiss because—at the direction of a motions panel of this court—she has since dismissed her claims against those two remaining defendants. The District does not dispute that if Ms. Moore had dismissed her claims against the private contractor defendants *with* prejudice, then the trial court's dismissal of Ms. Moore's claims against the District would be a final order, and we would have jurisdiction over this appeal. *See, e.g.*, *Blue v. D.C. Pub. Schs.*, 764 F.3d 11, 17 (D.C. Cir. 2014) (stating that "[e]very circuit permits a plaintiff, in at least some circumstances, voluntarily to dismiss remaining claims or remaining parties from an action as a way to conclude the whole

case in the district court and ready it for appeal," but "a voluntary dismissal typically must be made with prejudice" to produce an appealable final order). Ms. Moore's decision to dismiss the remaining defendants *without* prejudice therefore complicates the question of jurisdiction.

The D.C. Circuit's decision in *Blue v. D.C. Public Schools* is useful on this issue. In *Blue*,[1] the court surveyed the federal circuit courts and concluded that there was no "universal consensus" as to whether a plaintiff may use dismissal without prejudice to finalize a trial court proceeding and establish jurisdiction for appeal. 764 F.3d at 17. Yet even as some courts allow the practice in certain circumstances, every circuit "appears to acknowledge a presumption against" it. *Id.* (collecting

---

[1] Ms. Moore argues that *Blue* is distinguishable because unlike in *Blue*, here Ms. Moore "*expressly sought* to have the case closed before pursuing her appeal," thus mitigating concerns that "the judge, not the parties, is meant to be the dispatcher who controls the circumstances and timing of the entry of final judgment." *See Blue*, 764 F.3d at 18. We do not read *Blue*'s conclusion as resting solely on the judge-as-dispatcher concern, but regardless, Ms. Moore's request that the trial judge close her case does not resolve the issue because the trial court's order did not dispose of the whole case on the merits. *Colvin v. Howard Univ.*, 257 A.3d 474, 481 (D.C. 2021) (explaining that "dismissals without prejudice are not final . . . because a dismissal without prejudice 'does not determine the merits' of the underlying claim(s)" (quoting *Interdonato v. Interdonato*, 521 A.2d 1124, 1131 n.11 (D.C. 1987))); *see also* Sup. Ct. Civ. R. 54(a) (defining judgment as "any order from which an appeal lies"); *cf. Penn W. Assocs. v. Cohen*, 371 F.3d 118, 128 n.10 (3d Cir. 2004) (stating that an administrative closing order "does not dispense with the technical requirements of finality" because Federal Rule of Civil Procedure 54(a) defines "judgment" as "any order from which an appeal lies").

cases). "In keeping with that broad consensus," the D.C. Circuit "treats voluntary but non-prejudicial dismissals of remaining claims as generally insufficient to render final and appealable a prior order disposing of only part of the case." *Id.*

This presumption is consistent with the purpose of the final judgment rule, which maintains "careful limits on piecemeal appeals," *id.* at 18, by requiring parties to "raise all claims of error in a single appeal following final judgment on the merits," *id.* at 15 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). The rule "serves the important policy goals of preventing 'the unnecessary delays resultant from piecemeal appeals' and 'refrain[ing] from deciding issues which may eventually be mooted by the final judgment.'" *Rolinski v. Lewis*, 828 A.2d 739, 745 (D.C. 2003) (alteration in original) (quoting *Crown Oil & Wax Co. v. Safeco Ins. Co.*, 429 A.2d 1376, 1379 (D.C. 1981)). It also prevents encroachment on trial court judges, "who play a 'special role' in managing ongoing litigation." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Firestone*, 449 U.S. at 374). Although we decline to adopt a bright-line rule, *see Woodroof v. Cunningham*, 147 A.3d 777, 785 (D.C. 2016) ("[W]e have not construed the concept of finality in a rigid fashion."), we presume, like the federal courts, that we will lack jurisdiction in most instances where a plaintiff who seeks to appeal an unfavorable trial court ruling dismisses any remaining claims or defendants without prejudice.

Nothing in the record here furnishes grounds to stray from that presumption. Ms. Moore had the opportunity to establish finality by dismissing her claims *with* prejudice against the remaining two private contractor defendants. Indeed, at oral argument, the District was asked about a hypothetical in which "Ms. Moore sensed that this court were inclined to adopt the government's rule . . . and she went back to Superior Court this afternoon" and dismissed her claims with prejudice. The government agreed that in such a situation this court would have jurisdiction and even conceded that if Ms. Moore were to represent to the court at argument that she was willing to stipulate to dismissal with prejudice, that would remove any bar to this court's jurisdiction. And yet Ms. Moore, having never provided an explanation for her decision, has instead maintained her dismissal *without* prejudice against the two remaining private contractor defendants, effectively keeping the door open to potentially resurrecting those claims, litigating them at the trial level, and, if she loses, bringing another appeal to this court. This decision has signs of an impermissible "end-run around the final judgment rule to convert an otherwise non-final—and thus non-appealable—ruling into a final decision."[2] *84 Lumber Co. v. Cont'l Cas. Co.*, 914 F.3d 329, 332-33 (5th Cir. 2019); *see also Rowland v. S. Health*

---

[2] For this reason, the District proffered at oral argument that it would not have disputed jurisdiction if Ms. Moore had dismissed all the private contractor defendants *before* the trial court granted the District's motion to dismiss because that would have looked less like an impermissible attempt to manufacture finality.

*Partners, Inc.*, 4 F.4th 422, 424 (6th Cir. 2021) ("[T]his attempt to *manufacture* finality by voluntarily dismissing certain claims without prejudice in order to pursue what would otherwise be an interlocutory appeal is . . . impermissible . . . ." (emphasis added)); *ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 235 F.3d 360, 363-64 (7th Cir. 2000) (referring to the practice of dismissing claims without prejudice to obtain finality "disingenuous").

Ms. Moore suggests that it is unfair to hold that we lack jurisdiction to entertain her appeal because she "met the criteria" that we instructed her to meet to establish jurisdiction. More specifically, she contends that the motion panel's order allowing her to "file a motion to reinstate this appeal after filing the necessary notices in the Superior Court" sanctioned a dismissal without prejudice. Even granting that the order was susceptible to misunderstanding, the language Ms. Moore quotes does not identify "dismissal without prejudice" as one of the "necessary notices" she could file in the Superior Court. If Ms. Moore wished to immediately appeal the trial court's grant of the District's motion to dismiss, she could have dismissed *with* prejudice her claims against the private contractor or sought a Rule 54(b) certification from the Superior Court. *See* D.C. Code § 11-721(d); Super. Ct. Civ. R. 54(b). Because she declined to do so, we lack jurisdiction and therefore dismiss this appeal.

*So ordered.*